IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

JOUREY NEWELL, individually and on behalf
of a class of all persons and entities similarly situated,

Plaintiff,

v.                                                           Case No. 3:25-cv-01794-SRU

DIGITIRE PROFESSIONALS, LLC,

Defendant.

_____/

### DEFENDANT DIGITIRE PROFESSIONALS, LLC'S COMBINED MOTION TO SET ASIDE ENTRY OF DEFAULT, QUASH SERVICE OF PROCESS, DISMISS FOR INSUFFICIENT SERVICE OF PROCESS, AND STAY DEFAULT-RELATED DISCOVERY

Defendant Digitire Professionals, LLC ("Digitire"), by and through undersigned counsel, respectfully moves under Federal Rules of Civil Procedure 55(c) and 12(b)(5) for an order: (1) setting aside the entry of default; (2) quashing the attempted service of process; (3) dismissing the Complaint for insufficient service of process or, alternatively, permitting Plaintiff a limited time to effect proper service; and (4) staying default-related discovery pending resolution of this motion.

In support, Digitire states as follows:

1. Plaintiff commenced this action on October 23, 2025, asserting a putative class claim under the Telephone Consumer Protection Act arising from alleged telemarketing text messages.

2. Plaintiff alleges that Digitire sent at least six text messages to Plaintiff's telephone number in August and September 2025 from telephone number (860) 775-7298 and seeks to proceed on behalf of a proposed nationwide class.

1

3. Plaintiff then filed a return of service stating that, on October 29, 2025, the summons and complaint were served at 265 Prestige Park Road, Suite 4, East Hartford, Connecticut, by leaving them with "Andreus Santiago," identified only as a "Logistics Analyst." The return further states, in conclusory terms, that Mr. Santiago was "authorized by appointment or by law to receive service of process" for Digitire.

4. Mr. Santiago was not Digitire's registered agent for service of process, and he was not an officer, manager, member, managing agent, general agent, or any other person authorized by appointment or by law to accept service of process on behalf of Digitire.

5. At the time of the attempted service, Digitire's Connecticut annual report identified Paulo Henrique Celante Da Silva as Digitire's registered agent, with a business address of 265 Prestige Park Road, Suite 4, East Hartford, Connecticut 06108-1939. The same filing also identified Humberto Gabriel Cantu as Digitire's member at that same business address.

6. A later certificate of amendment filed on December 12, 2025, identified Humberto Gabriel Cantu as Digitire's manager, again at 265 Prestige Park Road, Suite 4, East Hartford, Connecticut 06108.

7. Federal Rule of Civil Procedure 4(h)(1) provides that a domestic limited liability company may be served either by following state law for service in the state where the district court is located, or by delivering the summons and complaint to an officer, a managing or general agent, or another agent authorized by appointment or by law to receive service of process.

8. Connecticut General Statutes § 34-243r provides that an LLC may be served by leaving a true and attested copy with the company's registered agent, manager, or member, or at such person's usual place of abode in this state. If the registered agent cannot with reasonable diligence be served, the statute also provides for service by registered or certified mail,

return receipt requested, or similar commercial delivery service to the company's principal office. If process cannot be served pursuant to subsection (a) or (b), service may then be made by handing a copy to the manager of the company, or to the individual in charge of a regular place of business or activity of the company.

9. The attempted service here did not comply with Rule 4(h)(1)(B) because Plaintiff did not deliver the summons and complaint to an officer, managing or general agent, or other agent authorized by appointment or law. The return identifies only a "Logistics Analyst."

10. The attempted service also did not comply with Connecticut law. The record does not show that Plaintiff served Digitire's registered agent, manager, or member, attempted service on any such person with reasonable diligence, or otherwise established the statutory predicate for resorting to fallback service on a person allegedly "in charge" of the business location. To the contrary, Digitire's registered agent was on file with the Connecticut Secretary of the State at the same East Hartford address where Plaintiff attempted service.

11. Because service of process was insufficient, the Court lacks personal jurisdiction over Digitire, and the entry of default that followed should be set aside. *See Nature's First Inc. v. Nature's First Law, Inc.*, 436 F. Supp. 2d 368, 372 (D. Conn. 2006).

12. Plaintiff later proceeded to seek default-related relief, including a motion to commence class discovery and a subpoena directed to Twilio, Inc., in aid of a proposed class-certification and class-default-judgment process.

13. The attempted service was defective. Mr. Santiago was not Digitire's registered agent, manager, member, officer, managing agent, general agent, or any other person authorized by appointment or by law to accept service of process on behalf of Digitire. As shown by the Declaration of Humberto Gabriel Cantu (Ex. D) and the Connecticut business records

3

attached as Exs. B and C, Digitire's registered agent at the time was Paulo Henrique Celante Da Silva, and Digitire's listed principal was Humberto Gabriel Cantu.

14. Under Rule 55(c), good cause exists to set aside the entry of default because the default was entered following ineffective service, Digitire has potentially meritorious defenses, and Plaintiff will suffer no cognizable prejudice from litigating this case on the merits after proper service.

15. Because service was ineffective, the Court lacks personal jurisdiction over Digitire, the entry of default should be set aside, and the attempted service should be quashed. The Complaint should be dismissed under Rule 12(b)(5), or alternatively Plaintiff should be required to effect proper service. Pending resolution of these threshold issues, Plaintiff's default-related discovery and subpoena efforts should be stayed.

**MEMORANDUM OF LAW**

**I. INTRODUCTION**

This action should not proceed on a default because the purported service of process on Digitire was defective. Plaintiff's return of service states only that the summons and complaint were left with "Andreus Santiago," identified as a "Logistics Analyst," at Digitire's East Hartford location, and asserts in conclusory terms that he was "authorized by appointment or by law to receive service of process." But the Connecticut Secretary of the State filings identify a different individual as Digitire's registered agent at the time of the purported service, and they identify Digitire's member/manager separately.

Because service on an LLC must comply either with Federal Rule 4(h) or the applicable Connecticut service statute, and because the return does not establish compliance with either, the

4

attempted service should be quashed, the entry of default set aside, and the Complaint dismissed for insufficient service, or alternatively Plaintiff should be required to effect proper service.

## II. RELEVANT BACKGROUND

Plaintiff filed this TCPA putative class action on October 23, 2025. The Complaint alleges that Digitire sent unsolicited text-message solicitations to Plaintiff and a putative nationwide class.

Plaintiff's return of service states that the summons and complaint were left on October 29, 2025, with "Andreus Santiago," whose title is listed only as "Logistics Analyst," at 265 Prestige Park Road, Suite 4, East Hartford, Connecticut. The return contains only the conclusory assertion that he was "authorized by appointment or by law to receive service of process." See Ex. A.

Connecticut business records on file as of March 24, 2025, identify Paulo Henrique Celante Da Silva as Digitire's registered agent, with a business address of 265 Prestige Park Road, Suite 4, East Hartford, Connecticut 06108-1939. Those same records identify Humberto Gabriel Cantu as Digitire's member. See Ex. B. A later certificate of amendment filed on December 12, 2025, identifies Humberto Gabriel Cantu as Digitire's manager, again at the same East Hartford address. See Ex. C. Mr. Cantu further confirms by declaration that Andreus Santiago was employed as a logistics analyst, was not Digitire's registered agent, manager, member, officer, managing agent, general agent, or other authorized process agent, and was never authorized by Digitire to accept service of process on its behalf. See Ex. D. No public filing identified Andreus Santiago as Digitire's registered agent, manager, member, officer, or authorized agent for service.

After default entered, Plaintiff moved to commence discovery to identify putative class members and obtain records for a possible classwide default judgment. Plaintiff then supplemented that motion and attached correspondence reflecting that Digitire, through out-of-state counsel, had indicated an intent to retain Connecticut counsel and seek to vacate the default. Plaintiff has also

served broad written discovery and issued a subpoena to Twilio, Inc. seeking account, billing, call detail, message detail, CNAM, help-ticket, and log data, with production set for April 17, 2026.

## III. LEGAL STANDARD

### A. Rule 12(b)(5) and Rule 4(h)

A defendant may move to dismiss for insufficient service of process under Rule 12(b)(5). Service on an LLC must comply with Rule 4(h). Rule 4(h)(1) allows service either by following the law of the state where the district court sits or where service is made, or by delivering the summons and complaint to an officer, a managing or general agent, or another agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(h)(1). Because this action is pending in Connecticut and service was attempted in Connecticut, Connecticut law also governs under Rule 4(e)(1) and Rule 4(h)(1)(A).

### B. Connecticut LLC service statute

Connecticut General Statutes § 34-243r sets out the permissible methods of service on a limited liability company. As in effect on October 29, 2025, subsection (a) allowed service by leaving a true and attested copy with the company's registered agent, manager, or member, or at such person's usual place of abode in this state. If the company had no registered agent, or if its registered agent could not with reasonable diligence be served, subsection (c) permitted service by registered or certified mail, return receipt requested, or by a similar commercial delivery service, addressed to the company at its principal office. If process could not be served pursuant to subsection (a) or (b), subsection (d) permitted service by handing a copy to the manager of the company, or to the individual in charge of a regular place of business or activity of the company, provided the person served was not a plaintiff in the action.

### C. Rule 55(c)

Rule 55(c) provides that a court may set aside an entry of default for good cause. In the Second Circuit, the principal considerations are whether the default was willful, whether setting it aside would prejudice the adversary, and whether the defendant has a meritorious defense. Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96–98 (2d Cir. 1993). Defaults are disfavored, and doubts are resolved in favor of adjudication on the merits.

## IV. ARGUMENT

### A. The attempted service did not comply with Rule 4(h)(1)(B).

Rule 4(h)(1)(B) requires delivery to an officer, managing or general agent, or other agent authorized by appointment or by law to receive service.

The return here states only that service was left with "Andreus Santiago," whose title is listed as "Logistics Analyst." Nothing in that title suggests officer status, managing or general agency, or authority to accept service on behalf of the LLC. The return offers only a bare conclusion that he was "authorized by appointment or by law," with no supporting facts describing any such appointment or legal authority. To the contrary, Digitire's manager declares that Santiago was employed only as a logistics analyst and was never authorized by Digitire, whether by appointment, corporate resolution, written delegation, or otherwise, to accept service of process on its behalf. See Ex. D ¶¶ 7–10.

That conclusory label is insufficient where the corporate records identify other persons, not Mr. Santiago, as the registered agent and principals of the company. The Connecticut annual report identifies Paulo Henrique Celante Da Silva as the registered agent and Humberto Gabriel Cantu as the member. The later certificate of amendment identifies Humberto Gabriel Cantu as manager. On this record, Plaintiff did not comply with Rule 4(h)(1)(B).

### B. The attempted service did not comply with Connecticut General Statutes § 34-243r.

Connecticut General Statutes § 34-243r sets out the permissible methods of service on a limited liability company. As in effect on October 29, 2025, subsection (a) allowed service by leaving a true and attested copy with the company's registered agent, manager, or member, or at such person's usual place of abode in this state. If the company had no registered agent, or if its registered agent could not with reasonable diligence be served, subsection (c) permitted service by registered or certified mail, return receipt requested, or by a similar commercial delivery service, addressed to the company at its principal office. If process could not be served pursuant to subsection (a) or (b), subsection (d) permitted service by handing a copy to the manager of the company, or to the individual in charge of a regular place of business or activity of the company, provided the person served was not a plaintiff in the action.

The attempted service here does not satisfy that statute. The return does not show service on Digitire's registered agent, manager, or member under subsection (a). Nor does it show that the registered agent could not with reasonable diligence be served, such that resort to subsection (c) or subsection (d) would be permitted. And even apart from that missing predicate, the return does not identify Andreus Santiago as a manager or as "the individual in charge" of a regular place of business or activity of the company. Instead, the return identifies him only as a "Logistics Analyst." The accompanying declaration likewise confirms that Santiago was not a manager and was not authorized to accept service on Digitire's behalf. See Ex. D ¶¶ 7–10. On this record, Plaintiff has not shown compliance with § 34-243r.

## C. Because service was insufficient, the Court lacks personal jurisdiction and the entry of default should be set aside.

Proper service of process is a prerequisite to personal jurisdiction. Where service is defective, an entry of default cannot stand. See *Nature's First Inc. v. Nature's First Law, Inc.*, 436 F. Supp. 2d 368, 372 (D. Conn. 2006); *United States v. Cally*, 197 F.R.D. 27, 28 (E.D.N.Y. 2000).

Good cause exists under Rule 55(c) to set aside the default. First, the default rests on defective service. Second, Plaintiff will not suffer cognizable prejudice from opening the default. There is no final judgment, and Plaintiff is still in the process of seeking discovery to attempt class certification and a possible classwide default judgment.

Digitire has potentially meritorious defenses, including defenses concerning attribution of the alleged messages, the statutory and regulatory elements of Plaintiff's TCPA claims, and Plaintiff's ability to satisfy Rule 23. Those defenses are sufficient at this stage to support Rule 55(c) relief.

### D. The Court should dismiss under Rule 12(b)(5) or alternatively quash service and permit re-service.

Because service was defective, dismissal under Rule 12(b)(5) is appropriate. Alternatively, if the Court prefers not to dismiss the action now, it should at minimum quash the attempted service, vacate the default, and allow Plaintiff a limited time to effect proper service.

### E. Default-related discovery and subpoena practice should be stayed pending resolution of this motion.

Plaintiff's current discovery posture is entirely premised on the existing default and on an anticipated path toward class certification and classwide default relief. Plaintiff's motion to commence discovery says so expressly. Plaintiff has also supplemented that motion and issued a broad subpoena to Twilio based on that default-driven posture.

If the Court sets aside the default, the basis for Plaintiff's requested default-related discovery changes materially, and ordinary case management should govern instead. Proceeding with broad third-party discovery, including the Twilio subpoena, while this threshold service-and-default motion is pending would impose unnecessary burden and expense on both the parties and

non-parties. A short stay will conserve resources and permit the Court to decide first whether the case should proceed in the ordinary course on the merits.

## V. CONCLUSION

For the foregoing reasons, Digitire respectfully requests that the Court:

1. set aside the entry of default;

2. quash the attempted service reflected in the return at ECF No. 11;

3. dismiss the Complaint pursuant to Rule 12(b)(5) for insufficient service of process; or alternatively permit Plaintiff a limited period to effect proper service;

4. stay Plaintiff's Motion to Commence Discovery, Plaintiff's Motion to Supplement, the Twilio subpoena, and all other default-related discovery proceedings pending resolution of this motion; and

5. grant such other and further relief as the Court deems just and proper.

Dated: April 20, 2026

Respectfully submitted,

DIGITIRE PROFESSIONALS, LLC

By: /s/ Roger Scully
Roger Scully, Esq.
Suisman Shapiro
Bar Number: 29955
2 Union Plaza, P.O. Box 1591
New London, Connecticut 06320
Telephone: (860) 981-0246
Email: rscully@sswbgg.com

and

/s/ Rafael Recalde
Rafael Recalde, Esq.
Pro Hac Vice

10

Bar Number: phv209349<br>
Recalde Law, P.A.<br>
1221 Brickell Ave, Suite 900<br>
Miami, FL 33131<br>
rafael@recaldelaw.com<br>
(305) 792-9100

Its Attorneys

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 20, 2026, a copy of the foregoing was filed electronically and served by notice of electronic filing on all counsel of record.

*/s/ Rafael Recalde*
Rafael Recalde, Esq.

# UNITED STATES DISTRICT COURT

for the
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **JOUREY NEWELL** | ) |
| | ) |
| *Plaintiff* | ) |
| | ) |
| v. | ) Civil Action No. 3:25-CV-01794-SRU |
| | ) |
| | ) |
| **DIGITIRE PROFESSIONALS, LLC** | ) |
| | ) |
| *Defendant* | ) |

## AFFIDAVIT OF SERVICE

I, Mark Ciarciello, state:

I am 18 years or older and not a party to this action or a member of a corporation or organization that is a party to this action.

I served the following documents to Digitire Professionals, LLC in Capitol Planning Region, CT on October 29, 2025 at 1:18 pm at 265 Prestige Park Rd, Ste 4, East Hartford, CT 06108-1939 by leaving the following documents with Andreus Santiago, who as Logistics Analyst is authorized by appointment or by law to receive service of process for Digitire Professionals, LLC.

SUMMONS IN A CIVIL CASE, CIVIL COVER SHEET, CLASS ACTION COMPLAINT

Additional Description:
Delivered to Andreus Santiago, Logistics Analyst

Hispanic or Latino Male, est. age 35-44, glasses: N, Black hair, 160 lbs to 180 lbs, 5' 6" to 5' 9".
Geolocation of Serve: https://google.com/maps?q=41.787155,-72.602005
Photograph: See Exhibit 1

Total Cost: $120.00

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FACTS HEREIN ARE TRUE AND CORRECT.

Executed in

   Lower Connecticut River Valley Planning Region

  CT    on   10/30/2025    .

/s/ *Mark Ciarciello*
_____

Signature
Mark Ciarciello
+1 (203) 738-9613

Exhibit 1a)





# Secretary of the State of Connecticut
## Annual Report

## FILING DETAILS

Filing Number:   0013067144

Report Year Due Date:   03/31/2025

Filing Fee:   $80.00

Filed On:   3/24/2025 3:46:42 AM

## PRIMARY DETAILS

Business Type:   Domestic
Legal Structure:   LLC
Business Name:   DIGITIRE PROFESSIONALS LLC
Business ALEI:   US-CT.BER:1222295

| | Existing Information | Updated Information |
|---|---|---|
| Business Email Address: | societario@cantustore.com.br | No update |
| NAICS Information: | Tire Dealers (441340) | No update |

## BUSINESS LOCATION

| | Existing Information | Updated Information |
|---|---|---|
| Principal Office Address: | 265 PRESTIGE PARK ROAD STD 4 EAST HARTFORD, CT 06108 United States | No update |
| Mailing Address: | 265 PRESTIGE PARK ROAD STD 4 EAST HARTFORD, CT 06108 United States | No update |



# Secretary of the State of Connecticut
# Annual Report

## AGENT INFORMATION

| | | |
|---|---|---|
| Type: | Individual | |
| Agent's Name: | PAULO HENRIQUE CELANTE DA SILVA | |

| | *Existing Addresses* | *Updated Addresses* |
|---|---|---|
| Business Address: | 265 Prestige Park Rd, 4<br>East Hartford, CT<br>06108-1939<br>United States | No update |
| Residence Address: | 42 Towhee Ln<br>Glastonbury, CT<br>06033-1364<br>United States | No update |
| Mailing Address: | 265 Prestige Park Rd, 4<br>East Hartford, CT<br>06108-1939<br>United States | No update |

## CURRENT PRINCIPAL INFORMATION

This section contains principals already on record who remained the same as part of this report; updates to address or title information is displayed as applicable.

| Principal Name: | HUMBERTO GABRIEL CANTU | |
|---|---|---|
| | *Existing Information* | *Updated Information* |
| Title: | Member | No Update |
| Business Address: | 265 PRESTIGE PARK ROAD STD 4,<br>EAST HARTFORD, CT,<br>06108,<br>United States | No Update |
| Residence Address: | 265 PRESTIGE PARK ROAD STD 4,<br>EAST HARTFORD, CT, | No Update |



# Secretary of the State of Connecticut
# Annual Report

06108,
United States

## ACKNOWLEGEMENT

I hereby certify and state under penalties of false statement that all the information set forth on this document is true.

I hereby electronically sign this document on behalf of:

Name of Authorizer:                    HUMBERTO GABRIEL CANTU

Authorizer Title:                         Member
Filer Name:                               Registrar Agency
Filer Signature:                          Registrar Agency
Execution Date:                          03/24/2025
*This signature has been executed electronically.*



# Secretary of the State of Connecticut

Phone: 860-509-6003  Website: business.ct.gov  Email: bsd@ct.gov

## CERTIFICATE OF AMENDMENT - Accessible Version Available

Limited Liability Company: Domestic - Use Ink, Print or Type. Attach 8 1/2" X 11" sheets if necessary.

**FILING PARTY** (Confirmation will be sent to this address):

NAME: Simone Kochav c/o Finn Dixon & Herling LLP

ADDRESS: Six Landmark Square, Floor Six

CITY: Stamford

STATE: CT          ZIP CODE: 06901

EMAIL: skochav@fdh.com

TELEPHONE NUMBER: (203) 355-3851

**Filing Fee: $120**

Make checks payable to "Secretary of the State"

**1. NAME OF LIMITED LIABILITY COMPANY** (Required - Name must exactly match the name on record with the Secretary of the State, including the business designation (e.g., LLC, L.L.C., etc.)):

DIGITIRE PROFESSIONALS LLC

**Statement of AMENDMENT** (Required - Check only one of the following statements, 2A, 2B, 2C or 2D):

LIABILITY COMPANY'S CERTIFICATE OF ORGANIZATION IS:

[ ] **2A. AMENDED, NAME ONLY:** _____
(Provide new name, including the business designation, (e.g., L.L.C., LLC, etc.))

[✓] **2B. AMENDED ONLY.** In section 3 below, provide the full text of any amendments to the certificate of organization.

[ ] **2C. AMENDED AND RESTATED.** In section 3 below, provide the full text of each amendment **and** attach a complete restatement of the limited liability company's certificate of organization incorporating the amendments.

[ ] **2D. RESTATED.** Attach one document integrating all previous amendments into the limited liability company's certificate of organization.

**3. FULL TEXT OF EACH AMENDMENT** (Required if 2B or 2C above is checked. If additional pages attached, check this box [✓] ):

See Exhibit A attached hereto.

**4. EXECUTION / SIGNATURE** (REQUIRED - Subject to penalties of false statement):

DATE SIGNED (mm/dd/yyyy): 12 / 10 / 2025

| NAME OF SIGNATORY (print or type) | CAPACITY/TITLE OF SIGNATORY (print or type) | SIGNATURE |
|---|---|---|
| Humberto Gabriel Cantu | Manager | |

Exhibit A

1.  Section 2 of the Articles of Organization is hereby amended as follows:

    "2. DESCRIPTION OF THE BUSINESS TO BE TRANSACTED OR PROMOTED:

    The purpose of the limited liability company is to engage in any lawful act or activity for which limited liability companies may be formed under the Connecticut Uniform Limited Liability Company Act (the "Act"), except (a) rendering "professional services" as defined in the Act; and (b) transacting the business of an insurance company or a surety or indemnity company. Except as expressly provided, the foregoing statement is not intended to limit or restrict in any manner the exercise of all powers conferred upon the limited liability company by the Act."

2.  Section 6 of the Articles of Organization is hereby amended as follows:

    "6. MANAGER OR MEMBER INFORMATION:

    NAME/TITLE: Humberto Gabriel Cantu / Manager

    BUSINESS ADDRESS:

    ADDRESS: 265 Prestige Park Road STD 4
    CITY: East Hartford
    STATE: CT
    ZIP: 06108

    RESIDENCE ADDRESS:

    ADDRESS: 265 Prestige Park Road STD 4
    CITY: East Hartford
    STATE: CT
    ZIP: 06108"

85458127;1; 64188-001

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

JOUREY NEWELL, individually and on behalf
of a class of all persons and entities similarly situated,

Plaintiff,

v.                                                          Case No. 3:25-cv-01794-SRU

DIGITIRE PROFESSIONALS, LLC,

Defendant.

_____/

### DECLARATION OF HUMBERTO GABRIEL CANTU

I, Humberto Gabriel Cantu, declare as follows:

1.  I am over eighteen years of age and make this declaration based on personal knowledge.

2.  I am the Manager of Digitire Professionals, LLC ("Digitire"). I am competent to testify to the matters stated herein.

3.  Digitire is a Connecticut limited liability company with a business address at 265 Prestige Park Road, Suite 4, East Hartford, Connecticut 06108.

4.  On March 24, 2025, Digitire's Connecticut annual report listed Paulo Henrique Celante Da Silva as Digitire's registered agent for service of process. The annual report also listed me as a principal/member of Digitire.

5.  On December 12, 2025, a certificate of amendment was filed identifying me as Digitire's Manager.

6.  On February 19, 2026, Digitire filed its most recent Connecticut annual report. That annual report identifies Eduardo Campos as Digitire's registered agent for service of process and continues to identify me as Digitire's Manager.

7.  Andreus Santiago was, at the relevant time, employed by Digitire as a logistics analyst.

1

8.  Mr. Santiago was not Digitire's registered agent for service of process.

9.  Mr. Santiago was not a manager, member, officer, managing agent, or general agent of Digitire.

10. Mr. Santiago was never authorized by Digitire, whether by appointment, corporate resolution, written delegation, or otherwise, to accept service of process on behalf of Digitire. Mr. Santiago was not designated in any filing with the Connecticut Secretary of the State as a person authorized to accept service on behalf of Digitire.

11. Digitire never represented to Plaintiff, Plaintiff's counsel, or the public that Mr. Santiago was authorized to accept service of process on its behalf.

12. To my knowledge, no process server contacted me before leaving process with Mr. Santiago, and no process server asked me to accept service on behalf of Digitire on October 29, 2025.

13. To my knowledge, no process server attempted to serve Digitire's then registered agent, Paulo Henrique Celante Da Silva, before leaving the papers with Mr. Santiago.

14. Digitire did not intentionally designate Mr. Santiago as a person to receive service of process, and Digitire did not intend for service on a logistics analyst to constitute valid service on the company.

15. Digitire contests the sufficiency of the attempted service reflected in the return filed at ECF No. 11.

16. Digitire seeks to defend this action on the merits once properly before the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____, 2026.

2