IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

JOUREY NEWELL, individually and on behalf
of a class of all persons and entities similarly situated,

Plaintiff,

v.                                                    Case No. 3:25-cv-01794-SRU

DIGITIRE PROFESSIONALS, LLC,

Defendant.

_____ /

### ORDER GRANTING DEFENDANT DIGITIRE PROFESSIONALS, LLC'S EXPEDITED MOTION TO STAY DISCOVERY AND QUASH OR MODIFY THIRD-PARTY SUBPOENAS

The Court has reviewed Defendant Digitire Professionals, LLC's Expedited Motion to Stay Discovery and Quash or Modify Third-Party Subpoenas Pending Rule 26(f) Conference, Protective Order, and Resolution of Threshold Motion.

The Court finds that Plaintiff's third-party subpoenas seek broad account-level communications and customer data, including records for numbers beyond the identified DID, before the Rule 26(f) conference and before resolution of Defendant's threshold challenge to whether Plaintiff's number is a residential telephone number protected by 47 C.F.R. § 64.1200(c)(2). The Court further finds that a stay of discovery and limited relief concerning the pending third-party subpoenas is appropriate pending further order of the Court.

Accordingly, it is ORDERED:

1. Defendant's Expedited Motion is GRANTED.

2. Discovery in this action, including third-party subpoena discovery, is STAYED pending further order of the Court.

1

3. Plaintiff shall withdraw or hold in abeyance the subpoenas issued to Avochato Inc. and Twilio Inc. Plaintiff shall not seek, accept, obtain, or review any production from Avochato Inc., Twilio Inc., or any similar communications-platform or messaging-service provider pursuant to those subpoenas unless and until authorized by further order of this Court.

4. Plaintiff shall not issue, serve, pursue, or enforce any additional third-party subpoena seeking Digitire account records, messaging records, call detail records, message detail records, phone-number records, billing records, customer or vendor records, help tickets, deletion logs, access logs, API logs, lead-source data, or similar account-level materials without leave of Court.

5. The parties shall comply with the ordinary Rule 26 process, including the Rule 26(f) conference, initial disclosures, discovery planning, and entry of any appropriate protective order before merits or class discovery proceeds, unless otherwise ordered by the Court.

6. This Order is without prejudice to Plaintiff's right to seek leave to conduct appropriately limited discovery after the Rule 26(f) conference and entry of a protective order.

7. This Order is without prejudice to Defendant's pending motion to dismiss, or alternatively for limited threshold discovery and early summary judgment schedule.

8. If the Court determines that limited threshold discovery should proceed before full merits or class discovery, such discovery shall be limited to whether Plaintiff's telephone number was a residential telephone number or a business/commercial number for purposes of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2), including whether the number was used, listed, held out, or treated as a business number associated with Newell Contracting LLC or any other commercial enterprise.

9. Plaintiff shall not seek or accept Avochato or Twilio production concerning Digitire's account-level CDRs, MDRs, billing records, account records, help tickets, access logs, API logs, deletion logs, or records for numbers other than Plaintiff's number unless and until authorized by further order of this Court.

SO ORDERED this ___ day of _____, 2026.

UNITED STATES DISTRICT JUDGE