IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

JOUREY NEWELL, individually and on behalf
of a class of all persons and entities similarly situated,

Plaintiff,

v.                                                             Case No. 3:25-cv-01794-SRU

DIGITIRE PROFESSIONALS, LLC,

Defendant.

_____/

## CORRECTED DEFENDANT DIGITIRE PROFESSIONALS, LLC'S MOTION TO DISMISS, OR ALTERNATIVELY FOR LIMITED THRESHOLD DISCOVERY AND EARLY SUMMARY JUDGMENT SCHEDULE

Defendant Digitire Professionals, LLC ("Digitire"), by and through undersigned counsel, moves pursuant to Federal Rules of Civil Procedure 12(b)(6), 16, and 26(d), and the Court's inherent authority to manage its docket, for entry of an order dismissing Plaintiff Jourey Newell's Class Action Complaint. Alternatively, Digitire requests that the Court permit limited threshold discovery and set an early summary judgment schedule directed to whether Plaintiff is a "residential telephone subscriber" protected by the National Do Not Call rules. In support, Digitire states:

### I. INTRODUCTION

This case is pleaded as a consumer residential-privacy case under the Telephone Consumer Protection Act's National Do Not Call provisions. It is not one.

Plaintiff alleges that his cellular telephone number is "non-commercial," "residential," and used for "personal, residential, and household reasons." Compl. ¶¶ 17-19. Those allegations are essential because Plaintiff's claim arises under 47 U.S.C. § 227(c)(5) and 47 C.F.R. §

64.1200(c)(2), which protect "residential telephone subscribers" whose numbers are on the National Do Not Call Registry.

But the available public records and the content of the alleged messages tell a different story. The number at issue appears in public FMCSA/USDOT business records for Newell Contracting LLC, an active motor carrier in the trucking/construction industry. Digitire's records reflect that the number was obtained through a business-to-business trucking prospecting process using public FMCSA/BrokerSnapshot-type records. The messages attached to the Complaint advertise commercial truck tires, commercial tire sizes, delivery, and commercial tire pricing. Compl. ¶ 24.

The same inference follows from the alleged messages themselves. Plaintiff's own screenshots show that the messages advertised commercial truck tires, referenced delivery to Plaintiff's "place in PA," and asked Plaintiff to provide commercial truck tire sizes for pricing. Compl. ¶ 24. Those allegations align with the public business listing for Newell Contracting LLC and do not plausibly describe residential consumer solicitation.

Plaintiff is attempting to plead a residential text-spam claim based on a number publicly associated with a commercial trucking business and allegedly contacted about commercial truck tires.

The Complaint therefore fails to plausibly allege a viable claim under § 227(c) and § 64.1200(c)(2). At minimum, the Court should not permit class wide discovery or third-party subpoenas designed to locate substitute claimants before resolving whether the named Plaintiff himself has a viable claim. If the Court does not dismiss now, it should order limited threshold discovery on the residential/business nature of the number and set an early summary judgment schedule on that dispositive issue.

## II. RELEVANT ALLEGATIONS

1. Plaintiff alleges that Digitire contacted him by text message and that his number was listed on the National Do Not Call Registry. Compl. ¶¶ 3, 20-24.

2. Plaintiff alleges that his number is "a non-commercial telephone number." Compl. ¶ 17.

3. Plaintiff alleges that his number is "a residential telephone line because it is assigned to a residential cellular telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses." Compl. ¶ 18.

4. Plaintiff alleges that he uses the number for "personal, residential, and household reasons." Compl. ¶ 19.

5. Plaintiff's single claim is brought under 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c), on behalf of a proposed class of persons whose "residential telephone numbers" were on the National Do Not Call Registry. Compl. ¶¶ 34, 50-54.

6. The Complaint attaches screenshots of the alleged messages. Those screenshots show advertisements for commercial truck tires, commercial tire sizes, and commercial tire pricing. Compl. ¶ 24.

7. The first screenshot states: "Hello. I'm Nick, a COMMERCIAL TRUCK TIRE SUPPLIER from DIGITIRE, based in Hackensack - NJ. We deliver to your place in PA. If you want to check out our tires, just text the sizes you need, and I will send you my best deal." Compl. ¶ 24.

8. The other screenshots advertise tire sizes such as "285/75R24.5," "11R22.5," "295/75R22.5," and "11R24.5," all in the context of commercial truck tires. Compl. ¶ 24.

9. Public FMCSA/USDOT/SAFER-type business records identify the same telephone number at issue as the business phone number for Newell Contracting LLC, an active trucking/construction motor carrier. Ex. A, FMCSA/USDOT/SAFER record.

10. Plaintiff's own screenshots show that the alleged outreach concerned commercial truck tires, not household or residential consumer goods. Compl. ¶ 24.

11. Plaintiff has already served broad third-party subpoenas to Twilio and Avochato seeking account-level call, message, billing, help-ticket, deletion-log, access-log, API-log, and similar records, including records for telephone numbers other than the identified DID. Exs. B–D.

### III. LEGAL STANDARD

To survive Rule 12(b)(6), a complaint must plead sufficient factual matter to state a claim that is plausible on its face. A claim is not plausible where the allegations are contradicted by documents properly considered by the Court, judicially noticeable public records, or the plaintiff's own exhibits.

At the Rule 12 stage, the Court may consider the Complaint, documents attached to or incorporated into the Complaint, matters of which judicial notice may be taken, and documents integral to the Complaint. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002). Threadbare recitals and conclusory allegations are not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The TCPA's National Do Not Call private right of action is limited to persons who receive more than one telephone call within a 12-month period "by or on behalf of the same entity in violation of the regulations prescribed under this subsection." 47 U.S.C. § 227(c)(5). The implementing regulation invoked by Plaintiff prohibits telephone solicitations to "[a] residential

telephone subscriber who has registered his or her telephone number on the national do-not-call registry." 47 C.F.R. § 64.1200(c)(2). The regulation's text is limited to residential telephone subscribers.

The "residential telephone subscriber" requirement is not incidental; it is the statutory and regulatory boundary of the National Do Not Call claim Plaintiff chose to plead. Courts therefore consider whether a number is actually residential, business, or mixed-use when deciding whether the DNC rules apply. In *Owens v. Starion Energy, Inc.*, the District of Connecticut addressed a TCPA DNC claim where the defendant argued that the number was held out as a business number. Although the court declined to dismiss on that record because the plaintiff claimed the business was home-based and the number was also residential, the decision confirms that the residential/business status of the number is a proper threshold issue. *Owens v. Starion Energy, Inc.*, No. 3:16-cv-01912 (VAB), 2017 WL 2838075, at *3–4 (D. Conn. June 30, 2017).

The FCC has recognized that wireless subscribers may be treated as residential subscribers in appropriate circumstances, but the FCC's National Do Not Call rules do not prohibit calls to business numbers. Courts therefore examine whether the number was actually used, held out, or treated as a residential number or a business number. *See, e.g., Bank v. Indep. Energy Grp. LLC*, 2014 WL 4954618, at *3 (S.D.N.Y. Oct. 2, 2014); *Owens v. Starion Energy, Inc.*, No. 3:16-cv-01912 (VAB), 2017 WL 2838075, at *3–4 (D. Conn. June 30, 2017)(recognizing that a line initially registered as residential may lose TCPA protection where it is held out to the public as a business line). *Bank* is particularly important because it recognizes the principle that a number initially associated with a residence may lose TCPA DNC protection if it is held out to the public as a business number. *See Bank v. Indep. Energy Grp. LLC*, No. 12-cv-1369, 2014 WL 4954618, at *3–4 (E.D.N.Y. Oct. 2, 2014). That is the issue here: Plaintiff's number was not merely incidentally

used for business; it appears in public FMCSA/USDOT records for Newell Contracting LLC, an active commercial trucking/construction carrier, and the challenged messages were industry-specific commercial truck-tire solicitations.

Digitire does not contend that a wireless number can never qualify as residential. The issue is whether this Plaintiff plausibly pleads residential status where the same number is publicly associated with a commercial trucking business and the challenged messages concern commercial truck tires. That distinguishes *Wilson v. Easy Spirit, LLC*, where the plaintiff alleged his cell phone was his residential number, used for personal use only, not reimbursed by a business, and not alleged to be publicly held out as a business line. *Wilson v. Easy Spirit, LLC*, No. 3:25-cv-00112, ECF No. 87 (D. Conn. Mar. 31, 2026).

## IV. ARGUMENT

### A. Plaintiff Fails to Plausibly Allege a National Do Not Call Claim Because the Rule Protects Residential Subscribers, Not Business Lines.

Plaintiff's claim depends on a threshold proposition: that the number allegedly contacted was a residential telephone number protected by 47 C.F.R. § 64.1200(c)(2). Without that, there is no § 227(c) National Do Not Call claim.

Plaintiff attempts to satisfy that element by alleging that his number was "non-commercial," "residential," and used for "personal, residential, and household reasons." Compl. ¶¶ 17-19. But those allegations are conclusory and contradicted by the objective context of the alleged messages and public records.

The messages attached to the Complaint are not consumer household advertisements. They advertise commercial truck tires, commercial tire sizes, and delivery to Plaintiff's "place in PA." Compl. ¶ 24. The screenshots refer to the sender as a "COMMERCIAL TRUCK TIRE SUPPLIER" and ask Plaintiff to provide tire sizes for a commercial tire quote. Id. The content of

the messages aligns with the public business listing for Newell Contracting LLC, not with a private residential consumer number.

Plaintiff cannot convert a business-to-business commercial tire inquiry sent to a publicly listed trucking-company number into a consumer residential privacy claim by merely pleading the word "residential." The Court should dismiss because Plaintiff has not plausibly alleged that the number falls within the class of "residential telephone subscribers" protected by the rule.

### B. Public Business Records Contradict Plaintiff's Residential-Use Theory.

Public FMCSA/USDOT records identify the exact number at issue as the business phone number for Newell Contracting LLC, an active motor carrier. The company's public profile identifies commercial trucking operations involving construction-related cargo and trucking equipment. Ex. A.

Those public records are properly considered at the pleading stage because they are official public records and because they directly contradict the Complaint's conclusory residential-use allegations. They also explain why the alleged messages concerned commercial truck tires and were sent through a B2B trucking lead process.

The National Do Not Call rules do not prohibit calls or texts to business numbers. A telephone number held out in public government business records as a trucking-company contact number is not plausibly a residential telephone number for purposes of Plaintiff's claim, at least not based on the Complaint's conclusory allegations.

At minimum, those public records create a threshold statutory-standing and merits issue that should be resolved through limited discovery before Plaintiff is allowed broad class discovery or third-party account subpoenas.

### C. Plaintiff's Exhibits Undermine His Own Claim.

The Complaint's screenshots confirm that the messages were directed to a commercial tire customer, not a residential consumer. The messages advertise commercial truck tires, commercial tire sizes, and commercial tire prices. Compl. ¶ 24.

Where the plaintiff's own exhibits undermine the pleaded theory, the exhibits control over conclusory allegations. Plaintiff's screenshots make the commercial nature of the outreach apparent on the face of the Complaint.

### D. Plaintiff Cannot Use Class Discovery to Cure His Own Threshold Defect.

Plaintiff proposes a class limited to persons whose "residential telephone numbers" were on the National Do Not Call Registry. Compl. ¶ 34. If Plaintiff's own number was publicly held out as a business number for Newell Contracting LLC, Plaintiff is not typical, adequate, or a member of his own proposed class.

Plaintiff's discovery conduct confirms why threshold sequencing is necessary. Plaintiff has already issued broad subpoenas to Twilio and Avochato seeking account-level messaging, call-detail, billing, help-ticket, deletion-log, access-log, API-log, and related records, including records for telephone numbers other than the identified DID. Twilio objected that such discovery was premature, duplicative of information available from Defendant or the customer, overbroad, not limited by timeframe, and potentially implicated confidential, sensitive commercial information and federal privacy law. This confirms that Plaintiff is not merely seeking discovery about his own alleged texts; he is seeking account-wide discovery that could be used to locate other possible claimants before the Court determines whether the named Plaintiff has a viable residential-subscriber claim.

The Court should not allow Plaintiff to use pre-certification discovery to search for a viable plaintiff before determining whether the named Plaintiff has a viable claim.

**E. Alternatively, the Court Should Order Limited Threshold Discovery and an Early Summary Judgment Schedule.**

The public records and Plaintiff's own screenshots provide an additional reason to resolve the residential/business-number issue first. The number appears in public FMCSA/USDOT business records associated with Newell Contracting LLC, and the challenged messages concerned commercial truck tires. If the Court concludes that the residential/business nature of the number cannot be resolved at the pleading stage, the proper next step is limited threshold discovery on that issue—not classwide subpoenas into Digitire's entire messaging account.

Even where courts decline to resolve residential status on a motion to dismiss, they recognize that the question may be fact intensive. That supports Digitire's alternative request. If the Court determines that Plaintiff's conclusory residential-use allegations cannot be rejected on the pleadings alone, the proper next step is not class wide discovery into Digitire's entire messaging account; it is limited threshold discovery on whether Plaintiff's number was residential or business/commercial. *See Owens*, No. 3:16-cv-1912, ECF No. 47, at 10–12; *Bank*, 2014 WL 4954618, at *3–4.

If the Court concludes that dismissal is premature because the residential/business nature of the number requires a factual record, the Court should order limited threshold discovery and an early summary judgment schedule.

That discovery should be limited to:

1. whether Plaintiff owned, subscribed to, controlled, or used the number at issue;

2. whether the number was used for Newell Contracting LLC;

3. whether the number was listed in FMCSA, USDOT, SAFER, BrokerSnapshot, public business directories, websites, social-media pages, invoices, advertisements, emails, or other business materials;

4.  whether Plaintiff used or held out the number for commercial trucking, contracting, or business purposes;

5.  whether Plaintiff received reimbursement, business calls, customer calls, carrier calls, broker calls, vendor calls, or other commercial communications at the number;

6.  whether the number was registered on the National Do Not Call Registry as a residential number or otherwise; and

7.  the source from which Digitire or its vendor obtained the number.

The Court should stay class discovery and third-party subpoenas until that threshold issue is resolved.

### V. CONCLUSION

Plaintiff's claim depends on the number being a residential telephone number protected by the TCPA's National Do Not Call rule. The Complaint's screenshots and public trucking records show that the number was used and held out as a business number for an active trucking/construction carrier. Plaintiff has not plausibly alleged a residential-subscriber claim and cannot use broad class discovery to search for a replacement claimant.

WHEREFORE, Digitire respectfully requests that the Court enter an order dismissing the Complaint. Alternatively, Digitire requests that the Court order limited threshold discovery and set an early summary judgment schedule on whether Plaintiff is a "residential telephone subscriber" under 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2), stay all class discovery and third-party subpoenas pending resolution of that issue, and grant such further relief as the Court deems just and proper.

Dated: May 13, 2026

10

Respectfully submitted,

DIGITIRE PROFESSIONALS, LLC

By: /s/ Roger Scully
Roger Scully, Esq.
Suisman Shapiro
Bar Number: 29955
2 Union Plaza, P.O. Box 1591
New London, Connecticut 06320
Telephone: (860) 981-0246
Email: rscully@sswbgg.com

and

/s/ Rafael Recalde
Rafael Recalde, Esq.
Pro Hac Vice
Bar Number: phv209349
Recalde Law, P.A.
1221 Brickell Ave, Suite 900
Miami, FL 33131
rafael@recaldelaw.com
(305) 792-9100

Its Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2026, Defendant Digitire Professionals, LLC electronically filed the foregoing corrected Motion to Dismiss, or Alternatively for Limited Threshold Discovery and Early Summary Judgment Schedule through the Court's CM/ECF system, which will send notice of electronic filing to all counsel of record.

This corrected filing is submitted to address formatting issues in the version previously filed on May 13, 2026. No substantive changes have been made to the relief requested.

By: */s/ Rafael Recalde*
Rafael Recalde, Esq.

11



(682) 978-8641 | 8+ Years in Business

O Trucking

Hire Drivers · Contact · ⊕ Free Website · ☎ Call

Home / Carrier Directory / Newell Contracting LLC

**Active** Carrier & Broker

# Newell Contracting LLC

DOT# 4193978 | Est. 2024 (2 yrs)        Exhibit A

| | |
|---|---|
| **1**<br>Power Units | **1**<br>Drivers |
| **Est. 2024 (2 yrs)**<br>Authority Age | **Not Rated**<br>Safety Rating |

## Company Overview

NEWELL CONTRACTING LLC is an active carrier & broker registered with the FMCSA since February 2024. Based in KING OF PRUSSIA, PA, They are classified as Interstate and operate interstate (beyond 100 miles). Their inferred equipment specializations include Flatbed, Dump Truck and Box Truck.

### Equipment Analysis

Based on FMCSA cargo authorization flags and fleet composition data, Newell Contracting LLC appears to operate the following equipment types:

**Flatbed**      **Dump Truck**      **Box Truck**

Need dispatch for this equipment type?

Flatbed Dispatch →   Box Truck Dispatch →

# Fleet Breakdown

| Equipment | Owned | Term Leased | Trip Leased | Total |
|---|---|---|---|---|
| Trucks | 1 | 0 | 0 | 1 |

Fleet Size Classification: 1 Truck

# Authorized Cargo Types

Newell Contracting LLC is authorized to transport the following 3 cargo types:

Building Materials    Garbage/Refuse    Construction

# Operations Scope

✓   Interstate (beyond 100 miles)

MCS-150 Mileage: 75,330 miles (2025)

# Driver Information

| 1 | 1 |
|---|---|
| Total Drivers | Interstate Drivers |

## Dispatch Services in PA

Looking for dispatch services for these equipment types in PA?

Flatbed in PA →    Box Truck in PA →

# Verify on Official Sources

Cross-reference this carrier's data with official FMCSA systems:

 **View on SAFER**
FMCSA Company Snapshot

 **Check Insurance**
Licensing & Insurance

 **SMS Safety Data**
Safety Measurement System

# Frequently Asked Questions

### What equipment does NEWELL CONTRACTING LLC operate?

Based on their FMCSA cargo classifications and fleet data, NEWELL CONTRACTING LLC is inferred to operate: Flatbed, Dump Truck and Box Truck.

### Is NEWELL CONTRACTING LLC's authority currently active?

NEWELL CONTRACTING LLC currently holds active operating authority with the FMCSA.

### How long has NEWELL CONTRACTING LLC been in business?

NEWELL CONTRACTING LLC has been registered with the FMCSA since February 2024, making their authority approximately 2 years, 3 months old.

### Where is NEWELL CONTRACTING LLC located?

NEWELL CONTRACTING LLC is physically located at 411 BRANDYWINE LN, KING OF PRUSSIA, PA 19406-2357.

### Contact Information

📍 PHYSICAL ADDRESS
411 BRANDYWINE LN
KING OF PRUSSIA, PA 19406-2357

View on Map →

✉ MAILING ADDRESS
2832 DEKALB PIKE # 1110
NORRISTOWN, PA 19401-1823

📞 (484) 250-1170

✉ NEWELLCONTRACTINGLLC@GMAIL.COM

👤 Company Officer
JOUREY NEWELL

## Authority & Dockets

| | |
|---|---|
| DOT Number | 4193978 |
| Status | Active |
| Authority Since | February 13, 2024 |

## Safety Record

| | |
|---|---|
| Safety Rating | Not Rated |
| Crash Rate | 0.000 |

## Business Details

| | |
|---|---|
| Carrier Type | Interstate |
| Hazmat | No |
| Passenger Carrier | No |
| MCS-150 Update | 20250723 1 |
| Fleet Size | 1 Truck |
| County | 091 |

## Need Truck Dispatch?

Professional dispatch starting at just 5% — no hidden fees. We handle load booking, rate negotiation, and paperwork so you can focus on driving.

**Get Started Free →**

Or call (682) 978-8641

**CARRIER TRUST SCORE**

**?** NO DATA

## Limited History

Insufficient FMCSA history to score — how scoring works →

ⓘ Limited FMCSA history — verify directly        ✓ Active operating authority        ✓ No reportable crashes (24 mo)

ⓘ Limited inspection history

# Related Carriers in PA

| | |
|---|---|
| **MENDEZ CARGO INC**    Active<br>DOT# 3650633 · READING, PA<br>Reefer   Flatbed   Tanker<br>156,000 power units | **OUTBACK CONSTRUCTION LLC**    Active<br>DOT# 3715153 · MILROY, PA<br>Flatbed   Step Deck / RGN   Dump Truck<br>125,005 power units |
| **ROOT CONSTRUCTION & RENOVA...**    Active<br>DOT# 2871939 · PITTSBURGH, PA<br>Flatbed   Dump Truck   Box Truck<br>100,000 power units | **LITHIUM CONSTRUCTION GROUP ...**    Active<br>DOT# 4518968 · PHILADELPHIA, PA<br>Flatbed   Dump Truck   Movers<br>100,000 power units |
| **COACH ED'S BAIT & TACKLE**    Active<br>DOT# 3548957 · SCHELLSBURG, PA<br>Flatbed   Step Deck / RGN   Dump Truck<br>100,000 power units | **BUCK MASONRY LLC**    Active<br>DOT# 4166887 · NAZARETH, PA<br>Flatbed   Step Deck / RGN   Box Truck<br>81,001 power units |

**Browse all carriers in PA →**

**FOR CARRIERS & FLEET OWNERS**

# Hiring Drivers for Your Fleet?

Tell us your requirements — equipment, lanes, pay range, home-time preferences. Our team recruits and pre-screens drivers from our nationwide network and sends you matched candidates within 48 hours. No upfront fees, no contracts.

✓ CDL & non-CDL drivers across all 50 states

✓ Equipment-specific matching (dry van, reefer, flatbed, etc.)

✓ Pre-screened MVR, PSP, employment history

✓ Local, regional & OTR placements

**See our Flatbed driver placement service in Pennsylvania →**



| Your name * | Phone * |
|---|---|

Email *

| Equipment * ⌄ | # drivers * |
|---|---|

PA

**Get Driver Matches →**

We reply with matched drivers within 48 hours. No spam.

**Is this your company?** Claim this profile

# Ready to Grow Your Trucking Business?

Professional dispatch service starting at just 5% — no hidden fees.

Get Started Free                 (682) 978-8641

# O Trucking

Professional truck dispatch services for owner-operators across the United States.

📞 (682) 978-8641

✉ dispatch@otrucking.com

📍 8 The Green STE B, Dover, DE 19901

| Services | Dispatch |
|---|---|
| All Services | Dry Van |
| Factoring | Reefer |
| Compliance | Flatbed |
| Pricing | Step Deck |
| | Power Only |
| | Box Truck |

| Resources | Company |
|---|---|
| Knowledge Center | About |
| Glossary | Contact |
| Guides | Careers |
| Free Tools | Get Started |
| Carrier Directory | Privacy |
| | Terms |

© 2026 O Trucking LLC. All rights reserved.                 Privacy   Terms   Sitemap

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | )  |
|---|---|
| _____Plaintiff_____ | ) |
| v. | )    Civil Action No. |
| | ) |
| | ) |
| _____Defendant_____ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

_____

*(Name of person to whom this subpoena is directed)*

❐ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## SCHEDULE A

## INSTRUCTIONS

1.  You are required to search not only for hard copy documents, but for electronically generated, maintained or stored information, including data that exist on your computers' hard drives, on computer servers to which you have access, in email accounts, in text messaging accounts, and all other places in which responsive electronic data may be stored.

2.  Where possible, all electronically generated, maintained or stored information should be produced in its original format complete with all metadata.

## DEFINITIONS

1.  When used in these Requests, "Defendant" means DigiTire Professionals, LLC, including any subsidiaries or affiliated enterprises, and its officers, directors and employees.

2.  When used in these Requests, "you" or "your" (or synonyms thereof) means Twilio, Inc. d/b/a Twilio, including your subsidiaries or affiliated enterprises, and their officers, directors and employees, including any vendors hired by you.

3.  When used in these Requests, the telephone number (DID) 860-775-7298 (and associated suspected subscriber DigiTire Professionals, LLC) may be relevant and assist in searching for documents responsive to the Requests. However, unless otherwise indicated, your request should not only be limited to this telephone number.

## REQUESTS

**Request No. 1:** Please provide all available Call Detail Records (CDRs), including all available associated fields for the *accounts* identified by the above-listed DID. For the avoidance of doubt, this request seeks *all* available CDRs and *all* available fields for this subscriber in those CDRs, even for telephone numbers other than those listed.

**Request No. 2:** Please provide all available Message Detail Records (MDRs), including all available associated fields for the account identified by the above-listed DID. For the avoidance of doubt, this request seeks *all* available MDRs and *all* available fields for this subscriber in the MDR, even for telephone numbers other than those listed.

**Request No. 3:** Please provide all available customer billing and payment records and account information for the account identified by the above-listed DID. For the avoidance of doubt, this request seeks *all* available customer and billing records for this subscriber, even for telephone numbers other than those listed. This request also seeks, but is not limited to, a copy of any sign-up forms, contracts, or other information provided to you or signed by the customer. This request also seeks, but is not limited to, records of the assignment of each DID in the account identified, including the Caller ID Name (CNAM) associated with each DID.

**Request No. 4:** Please provide all available help tickets and similar records for the account identified by the above-listed DID. For the avoidance of doubt, this request seeks *all* available help tickets for this subscriber, even for telephone numbers other than those listed.

**Request No. 5:**Please provide all available deletion logs, access logs, API logs, and similar records for the account identified by the above-listed DID. For the avoidance of doubt, this request seeks *all* available such logs for this subscriber, even for telephone numbers other than those listed.

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



Twilio Inc.
101 Spear St. 5th Floor
San Francisco, CA 94105

**VIA EMAIL (a@perronglaw.com)**

April 22, 2026

Andrew Perrong
Perrong Law LLC
2657 Mount Carmel Ave.
Glenside, PA 19038

Re: Non-Party Twilio Inc.'s Objections and Response to Subpoena Served in Connection with *Jourey Newell v. Digitire Professionals, LLC*, Civil Action No. 3:25-cv-01794, United States District Court, District of Connecticut (the "Action")

Dear Mr. Perrong:

Non-party Twilio Inc. ("Twilio") hereby objects and responds to the subpoena dated April 2, 2026 served on it in connection with the above-referenced Action (the "Subpoena").

## PRELIMINARY STATEMENT

Nothing contained in Twilio's objections and responses to the Subpoena is intended as a waiver of any privilege, protection, or immunity, including without limitation, the attorney-client privilege, the work-product doctrine, the joint-defense privilege, the common-interest privilege, or any other applicable privilege, protection, or immunity afforded by law. Twilio's responses and objections are conditioned specifically on the understanding that inadvertent disclosure of privileged or otherwise protected information is not intended to be, and may not be construed as, a waiver of any such privilege, protection, immunity, or any other ground for objecting to discovery with respect to such request, or the subject matter thereof, or the response thereto.

Twilio also preserves the following rights in objecting and responding to the Subpoena: (1) Twilio's right to object on any grounds at any time to the use of any documents or information provided by these objections and responses for any purpose in any subsequent proceeding in this Action or any other action; (2) Twilio's right to further object on any grounds at any time to further discovery arising out or relating to the Subpoena; and (3) Twilio's right to revise, correct, supplement, and/or clarify these objections or responses.

To the extent that Twilio agrees to respond and/or produce documents in response to the Subpoena, Twilio is not admitting any fact or agreeing with any legal or factual characterization in any request. Any documents that Twilio agrees to produce will be produced at a reasonable time and in a reasonable manner.

## GENERALLY APPLICABLE OBJECTIONS TO THE SUBPOENA

1.      Twilio objects to each request and/or definition to the extent it is inconsistent with, seeks to impose obligations beyond those required by, or seeks to expand the scope of discovery permitted under the applicable rules or any applicable orders of this Court.

2.      Twilio objects to the Subpoena to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other privilege, protection or immunity. Any inadvertent disclosure of such information is not intended and shall not be construed or deemed to constitute a waiver, either generally or specifically, in whole or in part, with respect to such information, or the subject matter thereof.  As a non-party to the Action, Twilio objects to the creation of a privilege log as that would impose an undue burden and to the extent not required under the applicable rules.

3.      Twilio objects to the Subpoena to the extent that it seeks information that constitutes or contains trade secrets or other confidential, research, development, proprietary, or sensitive commercial or private information the disclosure of which would frustrate the rights of Twilio or any other person. Twilio will not disclose such information unless subject to an appropriate protective order in this Action.

4.      Twilio objects to the Subpoena to the extent that it calls for the disclosure of information protected by federal and/or state law, including, but not limited to the Electronic Communications Privacy Act. Further, Twilio will not disclose such information unless subject to an appropriate protective order in this Action.

5.      Twilio objects to each request to the extent it requests Twilio to provide or analyze information not known, reasonably available, or within the possession, custody, or control of Twilio, or to the extent it calls for Twilio to prepare documents and/or things that do not already exist.

6.      Twilio objects to the Subpoena as unduly burdensome and oppressive to the extent that it requests the production of documents from a non-party that would appear to be within Defendant's possession, custody, or control and thus subject to appropriate party discovery.

7.      Twilio objects to each request to the extent that it demands "any and all" or "all" documents relating to a topic or topics on the grounds that the use of such terms would render the request facially overbroad, unduly burdensome, and disproportionate to the needs of the case. Similarly, Twilio objects to the Subpoena to the extent that no specific timeframe for responsiveness is specified. If Twilio agrees to produce documents in response to a request, Twilio may provide exemplars or documents sufficient to respond to the request.

8.      Twilio objects to the Subpoena to the extent it seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence or proportionate to the needs of the case, and/or the burden and expense in obtaining the proposed discovery outweighs its likely benefit. To the extent that Twilio responds to any request, it does not concede any aspect of this objection.  And because Twilio is not a party to the Action, it cannot accurately determine what is relevant and what is not, and objects to the Subpoena on those grounds as well.

9.      Twilio objects to the Subpoena to the extent that its requests assume disputed facts or call for an improper legal conclusion. By responding to the Subpoena, Twilio does not

admit or agree with any of the matters contained in the Subpoena, or that any purported fact is true or exists.

10.    Twilio objects to the Subpoena to the extent it seeks the production of documents because it fails to specify a place of compliance within 100 miles of San Francisco, California. The applicable rule provides that a subpoena may command a person to produce documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person. Twilio is headquartered in San Francisco, California, and any responsive records, to the extent they exist, would be accessible from Twilio's headquarters by custodians of records employed at that location. Accordingly, Twilio objects to the Subpoena to the extent it specifies an improper place for production.

<h2 style="text-align:center"><strong><u>SPECIFIC RESPONSES TO DOCUMENTS REQUESTED</u></strong></h2>

**Request No. 1:** Please provide all available Call Detail Records (CDRs), including all available associated fields for the accounts identified by the above-listed DID. For the avoidance of doubt, this request seeks all available CDRs and all available fields for this subscriber in those CDRs, even for telephone numbers other than those listed.

**Objections and Responses to Request No. 1:** Twilio incorporates herein by reference its Preliminary Statement and Generally Applicable Objections. Twilio objects to this Request to the extent that it seeks to impose an undue and disproportionate burden on non-party Twilio, and prematurely seeks information from Twilio before first seeking such information from the Defendant and/or the customer identified below. It would be improper and duplicative to compel Twilio to respond when an actual party to this matter and/or the customer identified below can fully satisfy this Request. In particular, Twilio customers have access to their own data by way of the Twilio account console and/or Twilio's APIs, and are best positioned to produce any responsive documents.

Twilio additionally objects to this Request in that it is overly broad and unduly burdensome as it is not limited in scope, fails to provide a specific time period governing the Request, and requests information "even for telephone numbers other than those listed." This Request is further vague and ambiguous because it contains numerous undefined terms such as "CDR," "associated fields," "available fields," and "DIDs." Twilio further objects because this Request seeks information not relevant or proportional to the underlying Action. For example, the request seeks "all CDRs and all available fields" for unspecified numbers, which may include information related to end users who have no connection to this matter. This Request also seeks information "for telephone numbers other than those listed" but Twilio cannot reliably search its records by name for responsive information. Twilio further objects to the extent that this Request seeks protected information, potentially including the content of communications, that Twilio by law cannot produce in a civil litigation. See, e.g., 18 U.S.C. § 2702. Twilio further objects to this Request to the extent that it seeks information that constitutes or contains confidential and sensitive commercial information, the disclosure of which would frustrate the expectation of privacy held by Twilio or any other entity. Twilio additionally objects to this request to the extent it seeks information not within its possession, custody or control.

Subject to and without waiving the foregoing objections, Twilio states phone number 860-775-7298 belong to customers of Twilio's services. The customer details associated with phone number 860-775-7298  are as follows:

**AM Communication Labs Inc.**
Amcomlabs.io
11335 NE 122nd Way, Suite 105
Kirkland, WA 98034
Utilization period: November 2, 2021 to October 14, 2023

**Apartment List**
Attn: Legal Department
apartmentlist.com
548 Market St, PMB 79519
San Francisco, CA 94104-5401
Utilization period: June 15, 2023 to June 20, 2023

**Avochato**
avochato.com
203 Flamingo Road, Suite 501
Mill Valley, California, 94941
Utilization period: May 21, 2024 to present.

**Request No. 2:** Please provide all available Message Detail Records (MDRs), including all available associated fields for the account identified by the above-listed DID. For the avoidance of doubt, this request seeks all available MDRs and all available fields for this subscriber in the MDR, even for telephone numbers other than those listed.

**Objections and Responses to Request No. 2:** Twilio incorporates herein by reference its Preliminary Statement and Generally Applicable Objections. Twilio objects to this Request to the extent that it seeks to impose an undue and disproportionate burden on non-party Twilio, and prematurely seeks information from Twilio before first seeking such information from the Defendant and/or the customer identified below. It would be improper and duplicative to compel Twilio to respond when an actual party to this matter and/or the customer identified below can fully satisfy this Request. In particular, Twilio customers have access to their own data by way of the Twilio account console and/or Twilio's APIs, and are best positioned to produce any responsive documents.

Twilio additionally objects to this Request in that it is overly broad and unduly burdensome as it is not limited in scope, fails to provide a specific time period governing the Request, and requests information "even for telephone numbers other than those listed." This Request is further vague and ambiguous because it contains numerous undefined terms such as "MDR," "associated fields," "available fields," and "DIDs". Twilio further objects because this Request seeks information not relevant or proportional to the underlying Action. For example, the request seeks "all MDRs and all available fields" for unspecified numbers, which may include information related to end users who have no connection to this matter. This Request also seeks information "for telephone numbers other than those listed" but Twilio cannot reliably search its records by name for responsive information. Twilio further objects to the extent that this Request seeks protected information, potentially including the content of communications, that Twilio by law cannot produce in a civil litigation. See, e.g., 18 U.S.C. § 2702. Twilio further objects to this Request to the extent that it seeks information that constitutes or contains confidential and sensitive commercial information, the disclosure of which would frustrate the expectation of

privacy held by Twilio or any other entity. Twilio additionally objects to this request to the extent it seeks information not within its possession, custody or control.

Subject to and without waiving the foregoing objections, Twilio states that the phone number 860-775-7298 belongs to customers of Twilio's services. The customer details associated with the phone number are listed above.

**Request No. 3:** Please provide all available deletion logs, access logs, API logs, and similar records for the account identified by the above-listed DID. For the avoidance of doubt, this request seeks all available such logs for this subscriber, even for telephone numbers other than those listed.

**Objections and Responses to Request No. 3:** Twilio incorporates herein by reference its Preliminary Statement and Generally Applicable Objections. Twilio objects to this Request to the extent that it seeks to impose an undue and disproportionate burden on non-party Twilio, and prematurely seeks information from Twilio before first seeking such information from the Defendant and/or the customer identified below. It would be improper and duplicative to compel Twilio to respond when an actual party to this matter and/or the customer identified below can fully satisfy this Request. In particular, Twilio customers have access to their own data by way of the Twilio account console and/or Twilio's APIs, and are best positioned to produce any responsive documents.

Twilio additionally objects to this Request in that it is overly broad and unduly burdensome as it is not limited in scope, fails to provide a specific time period governing the Request, and requests information "even for telephone numbers other than those listed." This Request is further vague and ambiguous because it contains numerous undefined terms such as "API logs," "access logs," and "deletion logs." Twilio additionally objects to the extent this Request seeks information not relevant or proportional to the underlying Action. This Request also seeks information "for telephone numbers other than those listed" but Twilio cannot reliably search its records by name for responsive information. Twilio further objects to this Request to the extent that it seeks information that constitutes or contains confidential and sensitive commercial information, the disclosure of which would frustrate the expectation of privacy held by Twilio or any other entity. Twilio additionally objects to this request to the extent it seeks information not within its possession, custody or control.

Subject to and without waiving the foregoing objections, Twilio states that the phone number 860-775-7298 belongs to customers of Twilio's services. The customer details associated with the phone number are listed above.

**Request No. 4:** Please provide all available customer billing and payment records and account information for the account identified by the above-listed DID. For the avoidance of doubt, this request seeks all available customer and billing records for this subscriber, even for telephone numbers other than those listed. This request also seeks, but is not limited to, a copy of any sign-up forms, contracts, or other information provided to you or signed by the customer. This request also seeks, but is not limited to, records of the assignment of each DID in the account identified, including the Caller ID Name (CNAM) associated with each DID.

**Objections and Responses to Request No. 4:** Twilio incorporates herein by reference its Preliminary Statement and Generally Applicable Objections. Twilio objects to this Request to the extent that it seeks to impose an undue and disproportionate burden on non-party Twilio, and

prematurely seeks information from Twilio before first seeking such information from the Defendant and/or the customer identified below. It would be improper and duplicative to compel Twilio to respond when an actual party to this matter and/or the customer identified below can fully satisfy this Request. In particular, Twilio customers have access to their own data by way of the Twilio account console and/or Twilio's APIs, and are best positioned to produce any responsive documents.

Twilio additionally objects to this Request in that it is overly broad and unduly burdensome as it requests "all available customer billing and payment records and account information" pertaining to various accounts. The Request is further not limited in scope or time frame.  Further, Twilio objects to this Request to the extent it seeks information not relevant or proportional to the needs of the underlying Action.  This Request also seeks information "for telephone numbers other than those listed" but Twilio cannot reliably search its records by name for responsive information. This Request is further vague and ambiguous because it contains numerous undefined terms such as "DID," "account information," "contracts," and "CNAM." Twilio further objects to this Request to the extent that it seeks information that constitutes or contains confidential and sensitive commercial information, the disclosure of which would frustrate the expectation of privacy held by Twilio or any other entity.  Twilio also objects to this Request to the extent it seeks information not within its possession, custody or control.

Subject to and without waiving the foregoing objections, Twilio states that the phone number 860-775-7298 belongs to customers of Twilio's services. The customer details associated with the phone number are listed above. Twilio further states that, in general, Twilio customers' use of Twilio's products and services are governed by Twilio's terms of service and acceptable use policy during the relevant time period. Twilio's terms of service can be found at: https://www.twilio.com/legal/tos.  Twilio's  acceptable  use  policy  can  be  found  at: https://www.twilio.com/legal/aup.

**Request No. 5:** Please provide all available help tickets and similar records for the account identified by the above-listed DID. For the avoidance of doubt, this request seeks all available help tickets for this subscriber, even for telephone numbers other than those listed.

**Objections and Responses to Request No. 5:** Twilio incorporates herein by reference its Preliminary Statement and Generally Applicable Objections. Twilio objects to this Request to the extent that it seeks to impose an undue and disproportionate burden on non-party Twilio, and prematurely seeks information from Twilio before first seeking such information from the Defendant and/or the customer identified below. It would be improper and duplicative to compel Twilio to respond when an actual party to this matter and/or the customer identified below can fully satisfy this Request. In particular, Twilio customers have access to their own data by way of the Twilio account console and/or Twilio's APIs, and are best positioned to produce any responsive documents.

Twilio additionally objects to this Request in that it is overly broad and unduly burdensome as it is not limited in scope, fails to provide a specific time period governing the Request, and requests information "even for telephone numbers other than those listed." This Request is further vague and ambiguous because it contains numerous undefined terms such as "help tickets" and "DID." Twilio further objects because this Request seeks information not relevant or proportional to the underlying Action. This Request also seeks information "for telephone numbers other than those listed" but Twilio cannot reliably search its records by name for responsive information. Twilio further objects to this Request to the extent that it seeks information that constitutes or contains

confidential and sensitive commercial information, the disclosure of which would frustrate the expectation of privacy held by Twilio or any other entity. Twilio additionally objects to this request to the extent it seeks information not within its possession, custody or control.

Subject to and without waiving the foregoing objections, Twilio states that the phone number 860-775-7298 belongs to customers of Twilio's services. The customer details associated with the phone number are listed above.

Please email me at the address below if you have any questions regarding Twilio's objections and responses.

Sincerely,

*Emily Park*

Emily Park
Senior Litigation Counsel
Twilio Inc.
epark@twilio.com

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

|  |  |  |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

_____
*(Name of person to whom this subpoena is directed)*

    '   *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

    '   *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

        *CLERK OF COURT*

                OR

_____    _____
    *Signature of Clerk or Deputy Clerk*             *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## SCHEDULE A

## INSTRUCTIONS

1. You are required to search not only for hard copy documents, but for electronically generated, maintained or stored information, including data that exist on your computers' hard drives, on computer servers to which you have access, in email accounts, in text messaging accounts, and all other places in which responsive electronic data may be stored.

2. Where possible, all electronically generated, maintained or stored information should be produced in its original format complete with all metadata.

## DEFINITIONS

1. When used in these Requests, "Defendant" means Digi Tire Professional, including any subsidiaries or affiliated enterprises, and its officers, directors and employees.

2. When used in these Requests, "you" or "your" means the Avoc Inc. d/b/a Avoc Inc., including your subsidiaries or affiliated enterprises, and their officers, directors and employees, including any vendors hired by you.

3. When used in these Requests, the telephone number (DID) 860-777-7298 (and associated suspected subscriber Digi Tire Pro) may be relevant and assist in LLC searching for documents responsive to the Requests. However, unless otherwise indicated, your request should not only be limited to this telephone number.

## REQUESTS

**Request No. 1:** Please provide all available Call Detail Records (CDRs), including all available associated fields for the *accounts* identified by the above-listed DID. For the avoidance of doubt, this request seeks *all* available CDRs and *all* available fields for this subscriber in those CDRs, even for telephone numbers other than those listed.

**Request No. 2:** Please provide all available Message Detail Records (MDRs), including all available associated fields for the account identified by the above-listed DID. For the avoidance of doubt, this request seeks *all* available MDRs and *all* available fields for this subscriber in the MDR, even for telephone numbers other than those listed.

**Request No. 3:** Please provide all available customer billing and payment records and account information for the account identified by the above-listed DID. For the avoidance of doubt, this request seeks *all* available customer and billing records for this subscriber, even for telephone numbers other than those listed. This request also seeks, but is not limited to, a copy of any sign-up forms, contracts, or other information provided to you or signed by the customer.

,ꓘMꓒꓒ(ꓔꓒA)ꟽ ꟽ ꟽ ꟽꓒPꓒHPꓮꓒ(ꟽꓐꓒ⬚                    of each DID in the account, identifuiding the Caller ID Náme (CNAM)

**Request No. 4:** Please provide all available help tickets and similar records for the account identified by the above-listed DID. For the avoidance of doubt, this request seeks *all* available help tickets for this subscriber, even for telephone numbers other than those listed.

**Request No. 5:**Please provide all available deletion logs, access logs, API logs, and similar records for the account identified by the above-listed DID. For the avoidance of doubt, this request seeks *all* available such logs for this subscriber, even for telephone numbers other than those listed.

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

   '   I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

   '   I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

                                        _____
                                          *Server's signature*

                                        _____
                                          *Printed name and title*

                                        _____
                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).