IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

JOUREY NEWELL, individually and on behalf
of a class of all persons and entities similarly situated,

Plaintiff,

v.                                                                Case No. 3:25-cv-01794-SRU

DIGITIRE PROFESSIONALS, LLC,

Defendant.

_____/

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS OR,
ALTERNATIVELY, FOR LIMITED THRESHOLD DISCOVERY AND EARLY
SUMMARY JUDGMENT SCHEDULE**

Defendant's motion presents a narrow threshold issue: Plaintiff's TCPA claim depends on whether the number at issue qualifies as a protected residential number during the relevant period. This reply is limited to matters raised in Plaintiff's opposition: Plaintiff's reliance on a declaration outside the pleadings, Plaintiff's challenge to Defendant's public-record materials, and Plaintiff's objection to Defendant's alternative request for limited threshold discovery. Plaintiff's opposition confirms that this issue is factual, plaintiff-specific, and potentially dispositive. If the Court does not resolve the issue at the pleading stage, Defendant should be permitted limited threshold discovery and an early summary judgment schedule before the parties proceed into full classwide and third-party discovery.

Plaintiff's opposition does not defeat that request. Instead, Plaintiff's opposition relies on a declaration outside the pleadings to explain or rebut Defendant's public-record materials and to assert facts regarding the use, history, and public-facing status of the subject number. See Pl.'s Opp'n, ECF No. 38 at 2, 10; Newell Decl., ECF No. 38-1 ¶¶ 2–5, 9–15. Plaintiff cannot simultaneously argue that Defendant's public-record evidence is improper at the pleadings stage

1

while asking the Court to credit Plaintiff's own extrinsic factual submission. At minimum, if Plaintiff's declaration is considered, Defendant should be permitted targeted discovery to test it.

That is precisely the type of issue suited for limited threshold discovery if the Court does not resolve it at the pleading stage. Plaintiff relies on *Chennette v. Porch.com, Inc.*, 50 F.4th 1217 (9th Cir. 2022), and similar cases for the proposition that mixed-use cellular numbers may qualify as residential, but those cases do not hold that registration on the Do Not Call Registry conclusively establishes residential status. They recognize a presumption or pleading-stage inference, not an irrebuttable rule. The mixed-use inquiry remains fact-specific and turns on matters such as how the number was used, how it was held out, whether it was associated with business activity, and whether the alleged business association continued during the relevant period. Those are the exact facts Defendant seeks to test through limited discovery.

### I. Plaintiff's Declaration Confirms That the Residential/Business Status of the Number Is a Threshold Factual Issue.

Plaintiff's principal response is that the Complaint alleges residential use and that those allegations must be accepted as true at the Rule 12 stage. Defendant understands that standard. But Plaintiff goes further. He submits a declaration addressing the same factual issue Defendant identified: how the number was used, whether it was associated with business activity, whether it was publicly held out, and whether any business association allegedly ended years earlier.

That confirms the issue is not imaginary or premature. Plaintiff's TCPA theory depends on the residential status of the number. Plaintiff's declaration does not resolve that issue; it highlights why targeted discovery is appropriate. Defendant should be permitted to test Plaintiff's assertions concerning the number's use, public listings, business associations, DOT/FMCSA records, carrier account status, Do Not Call registration, and communications received at or sent from the number during the relevant period.

Plaintiff repeatedly characterizes the residential/business inquiry as fact-intensive. Defendant agrees. But that conclusion supports Defendant's alternative request for limited threshold discovery. If the Court declines to dismiss because factual disputes exist, the appropriate next step is not immediate nationwide class discovery. The appropriate next step is limited discovery on the named Plaintiff's threshold entitlement to TCPA protection, followed by an early summary judgment schedule.

## II. Plaintiff Cannot Use Extrinsic Evidence Offensively While Insisting Defendant's Extrinsic Evidence Must Be Ignored.

Plaintiff argues that Defendant's FMCSA/USDOT and related public-record materials cannot defeat the Complaint at the pleading stage. But Plaintiff then relies on his own declaration to explain or rebut those materials. The Court should not allow Plaintiff to use extrinsic evidence selectively.

For purposes of Rule 12(b)(6), the Court may disregard Plaintiff's declaration and decide the motion based on the pleadings and documents properly considered at the pleading stage. If the Court does so, then Plaintiff's post-complaint explanations about separate business numbers, alleged discontinued business associations, and alleged administrative DOT entries should likewise be disregarded.

Alternatively, if the Court considers Plaintiff's declaration or treats the record as factual, Defendant should receive limited discovery before any adverse factual determination is made. Plaintiff's declaration raises issues that Defendant is entitled to test, including whether Plaintiff actually held out the subject number as personal only; whether the number appeared in public business records; whether it was used for commercial communications; whether it was tied to Newell-related business activity; whether any alleged business association truly ended before the relevant period; and how Defendant or its vendors obtained the number.

3

Plaintiff's approach asks the Court to credit his declaration while denying Defendant discovery into the same facts. That is not a proper basis to deny Defendant's alternative request. Rule 12(d) underscores the point. If matters outside the pleadings are presented on a Rule 12(b)(6) motion and not excluded, the motion must be treated as one for summary judgment, and all parties must be given a reasonable opportunity to present material pertinent to the motion. Fed. R. Civ. P. 12(d). Plaintiff cannot submit a declaration on the dispositive threshold fact, ask the Court to credit it, and then deny Defendant a fair opportunity to test the same factual issue through limited discovery.

### III. Registration on the Do Not Call Registry Does Not Conclusively Establish Residential Status.

Plaintiff relies heavily on the proposition that wireless numbers registered on the National Do Not Call Registry are presumptively residential. But a presumption is not conclusive. Plaintiff's own opposition acknowledges that mixed-use and business-use questions are decided on a case-by-case basis. That is exactly why targeted threshold discovery is appropriate.

Plaintiff's own authorities show why discovery is appropriate. In *Bank v. Independent Energy Group LLC*, No. 12-CV-1369, 2015 WL 4488070, at *2 (E.D.N.Y. July 23, 2015), the defendant ultimately defeated residential status by developing evidence that the plaintiff held the number out as a business line through public-facing business materials and professional use. Plaintiff says those facts are absent here, but that assertion comes from Plaintiff's declaration, not from discovery. Defendant is entitled to test whether the subject number was similarly held out, listed, used, or classified as business-related during the relevant period.

Defendant does not ask the Court to adopt a categorical rule that every number with some business connection is unprotected. Defendant asks for dismissal or, at minimum, a limited discovery process to determine whether this specific number, during the relevant period, was

4

residential for TCPA purposes. The Complaint's labels should not foreclose discovery where public records and the content/context of the messages indicate a business-number issue.

Nor does Plaintiff's assertion that he had a separate business number end the inquiry. A person may maintain more than one business-associated number. The relevant question is not whether Plaintiff had another number that he also used for business; it is whether the subject number was used or held out in a manner that removes it from the TCPA's residential-number protection, or at least requires discovery before the Court can decide the issue.

## IV. Defendant's Proposed Threshold Discovery Is Narrower and More Efficient Than Full Classwide Discovery.

Plaintiff portrays Defendant's alternative request as a broad attempt to bifurcate all merits and class discovery. That is not what Defendant seeks. Defendant seeks limited, threshold discovery on a plaintiff-specific issue that may dispose of the case or materially narrow it: whether Plaintiff's number qualifies as a protected residential number.

That issue is antecedent to class discovery. If Plaintiff cannot establish that his own number is protected under the TCPA, he cannot proceed as the named plaintiff. It would be inefficient and disproportionate to require Defendant and third parties to engage in nationwide class discovery before resolving that threshold issue.

The requested discovery can be limited in time and scope. Defendant proposes that the Court permit a short discovery period limited to: (1) Plaintiff's use of the subject number; (2) public and business records reflecting the number; (3) the number's carrier/account status; (4) the Do Not Call registration; (5) Plaintiff's alleged separate business number; (6) records concerning any business, DOT, FMCSA, vendor, or public-facing association with the subject number; and (7) limited third-party discovery necessary to confirm how Defendant or its vendor obtained and

classified the number. Defendant would then file an early summary judgment motion limited to that threshold issue.

This approach promotes efficiency. It does not prejudice Plaintiff. If Plaintiff is correct that the number was purely residential during the relevant period, limited discovery will confirm that quickly and the case can proceed. If Defendant is correct, the case may be resolved or narrowed before expensive classwide discovery begins.

### V. The Court Should Dismiss or, at Minimum, Permit Limited Threshold Discovery and an Early Summary Judgment Schedule.

Plaintiff's opposition confirms that the residential status of the number is central to this case. The Court should dismiss the Complaint because Plaintiff's residential-number allegations are conclusory and are undermined by the public business-use materials and the context of the alleged messages. At minimum, Plaintiff's competing declaration confirms that the residential/business status of the number is factual, plaintiff-specific, and suited for limited threshold discovery and an early summary judgment schedule before full classwide discovery proceeds.

Defendant respectfully requests that the Court grant the Motion to Dismiss or, alternatively, enter an order permitting limited threshold discovery on whether Plaintiff's number qualifies as a protected residential number under the TCPA, staying broader classwide and third-party discovery until that issue is resolved, and setting an early summary judgment schedule.

Dated: June 23, 2026

Respectfully submitted,

DIGITIRE PROFESSIONALS, LLC

By: /s/ Roger Scully
Roger Scully, Esq.
Suisman Shapiro
Bar Number: 29955
2 Union Plaza, P.O. Box 1591
New London, Connecticut 06320
Telephone: (860) 981-0246
Email: rscully@sswbgg.com

and

/s/ Rafael Recalde
Rafael Recalde, Esq.
Pro Hac Vice
Bar Number: phv209349
Recalde Law, P.A.
1221 Brickell Ave, Suite 900
Miami, FL 33131
rafael@recaldelaw.com
(305) 792-9100

Its Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2026, a copy of the foregoing was filed electronically and served by notice of electronic filing on all counsel of record.

*/s/ Rafael Recalde*
Rafael Recalde, Esq.

7