IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

JOUREY NEWELL, individually and on behalf
of a class of all persons and entities similarly situated,

Plaintiff,

v.                                                    Case No. 3:25-cv-01794-SRU

DIGITIRE PROFESSIONALS, LLC,

Defendant.

_____/

## DEFENDANT DIGITIRE PROFESSIONALS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant Digitire Professionals, LLC ("Digitire"), by and through undersigned counsel, answers Plaintiff Jourey Newell's Class Action Complaint as follows. Digitire files this Answer pursuant to the Court's July 15, 2026, Order directing Digitire to answer by August 14, 2026. The Court denied Digitire's Motion to Dismiss without prejudice and limited discovery for sixty days to the threshold issue of whether the telephone number at which Plaintiff was contacted was residential or commercial. Digitire therefore expressly preserves the arguments raised in its Motion to Dismiss and its right to renew those arguments, including through summary judgment, following the Court-authorized threshold discovery.

## ANSWER

### Preliminary Statement

1. Paragraph 1 consists of legal argument, quotations, and characterizations of the Telephone Consumer Protection Act ("TCPA") and requires no response. To the extent a response is required, Digitire denies that Plaintiff is entitled to any relief against Digitire.

2. Paragraph 2 consists of legal argument, quotations, and characterizations of the TCPA, regulations, and caselaw and requires no response. To the extent a response is required, Digitire denies that Plaintiff is entitled to any relief against Digitire.

3. Digitire admits that Plaintiff purports to bring this action under the TCPA and alleges that Plaintiff's telephone number was listed on the National Do Not Call Registry. Digitire denies that it violated the TCPA, denies that Plaintiff is entitled to relief, and denies any remaining allegations in Paragraph 3.

4. Digitire denies the allegations in Paragraph 4.

5. Digitire denies the allegations in Paragraph 5.

### Parties

6. Digitire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore denies them.

7. Digitire admits that it is a limited liability company. Digitire denies any allegation inconsistent with public corporate records, its governing documents, or applicable law, and denies any remaining allegations in Paragraph 7.

### Jurisdiction & Venue

8. Digitire admits that Plaintiff purports to assert a claim arising under federal law and that this Court has subject-matter jurisdiction under 28 U.S.C. § 1331. Digitire denies that Plaintiff has stated or can establish a viable claim for relief.

9. Digitire admits that it is subject to personal jurisdiction in Connecticut for purposes of this action. Digitire denies any remaining allegations in Paragraph 9, including any characterization of the challenged communications as unlawful telemarketing.

10. Digitire admits that venue is proper in this District and denies any remaining allegations in Paragraph 10.

## The Telephone Consumer Protection Act

11. Paragraph 11 consists of legal argument and characterizations of the TCPA and requires no response. To the extent a response is required, Digitire admits that Congress enacted the TCPA and denies any remaining allegations.

## The National Do Not Call Registry

12. Paragraph 12 consists of legal conclusions and characterizations of the National Do Not Call Registry and requires no response. To the extent a response is required, Digitire admits that the National Do Not Call Registry exists and denies any remaining allegations.

13. Paragraph 13 consists of legal conclusions and quotations from regulations and requires no response. To the extent a response is required, Digitire denies any allegation that Plaintiff is entitled to relief against Digitire.

14. Paragraph 14 consists of legal conclusions and characterizations of the TCPA and implementing regulations and requires no response. To the extent a response is required, Digitire denies that it violated the TCPA or any implementing regulation, denies that Plaintiff or any putative class is entitled to relief, and denies any remaining allegations.

## Factual Allegations

15. Digitire lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies them.

16. Digitire admits that it is engaged in the tire business. Digitire denies any allegation inconsistent with its actual business operations and denies any remaining allegations in Paragraph 16.

17. Digitire denies that the subject telephone number was a non-commercial telephone number. Digitire's records reflect that the subject number was identified through a business-to-business trucking prospecting workflow associated with Newell Contracting LLC.

18. Digitire denies that the subject telephone number was a residential telephone line within the meaning applicable to Plaintiff's claim. Digitire further denies that the number was identified or treated by Digitire as a residential consumer number.

19. Digitire lacks knowledge or information sufficient to form a belief as to the extent of Plaintiff's personal or household use of the subject number and therefore denies those allegations. Digitire specifically denies that the number was used exclusively, or necessarily primarily, for residential purposes during the relevant period.

20. Digitire lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation concerning the date on which the subject number was registered on the National Do Not Call Registry and therefore denies the allegation.

21. Digitire admits that its outreach to the subject number was made in connection with identifying Plaintiff and/or Newell Contracting LLC as a prospective commercial trucking customer. Digitire lacks knowledge sufficient to admit or deny the remaining allegations concerning Plaintiff's prior dealings or inquiries and therefore denies them.

22. Digitire admits that its records reflect business-to-business outreach to the subject number concerning commercial truck tires during the relevant period. Digitire denies that any such outreach was directed to Plaintiff as a residential consumer or violated the TCPA. Digitire otherwise denies the allegations in Paragraph 22.

23. Digitire lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the communications at issue were transmitted from telephone number (860)

775-7298 and therefore denies that allegation. Digitire admits that it uses Avochato as a business communication platform for outreach to commercial trucking prospects, but denies that any communication at issue violated the TCPA.

24. Digitire admits that the Complaint contains images purporting to depict text messages concerning commercial truck tires, commercial tire sizes, pricing, and delivery. Digitire denies that those images establish that the subject number was residential, that Plaintiff was a protected residential subscriber, that any actionable TCPA violation occurred, or that Plaintiff or any putative class member is entitled to relief.

25. Digitire admits that the communications depicted in the Complaint concern the sale and supply of commercial truck tires and were directed toward initiating a commercial business relationship. Digitire denies that the communications constituted prohibited solicitations to a residential telephone subscriber within the meaning of Plaintiff's asserted cause of action.

26. Digitire lacks knowledge or information sufficient to form a belief as to the precise date on which Plaintiff registered the subject number on the National Do Not Call Registry and therefore denies the allegation.

27. Digitire lacks knowledge or information sufficient at this stage to admit or deny Plaintiff's allegation concerning consent and therefore denies it. Digitire further denies that Plaintiff can establish that the challenged business-to-business communications were prohibited by the TCPA.

28. Digitire lacks knowledge or information sufficient to form a belief regarding Plaintiff's subjective characterization of the communications as unwanted and therefore denies the allegation.

29. Digitire denies the allegations in Paragraph 29.

30. Digitire denies the allegations in Paragraph 30, including that Plaintiff or any putative class member suffered any compensable injury caused by Digitire.

31. Digitire denies the allegations in Paragraph 31.

## Class Action Statement

32. Digitire incorporates its responses to Paragraphs 1 through 31 as if fully set forth herein.

33. Digitire admits that Plaintiff purports to bring this action as a class action under Rule 23(b)(2) and/or Rule 23(b)(3). Digitire denies that this action is properly maintained as a class action, denies that Plaintiff satisfies Rule 23, and denies any remaining allegations in Paragraph 33.

34. Digitire admits that Plaintiff proposes a putative class definition. Digitire denies that the proposed class is proper, ascertainable, manageable, sufficiently definite, or certifiable under Rule 23, and denies any remaining allegations in Paragraph 34.

35. Digitire lacks knowledge or information sufficient to form a belief as to whether Plaintiff is a member of the proposed class and therefore denies that allegation. Digitire denies that Plaintiff will fairly and adequately represent and protect the interests of any putative class and denies any remaining allegations in Paragraph 35.

36. Digitire admits that Paragraph 36 purports to define exclusions from the proposed class. Digitire denies that the proposed class is proper, ascertainable, manageable, sufficiently definite, or certifiable under Rule 23, and denies any remaining allegations.

37. Digitire denies the allegations in Paragraph 37.

38. Digitire admits that Plaintiff purports to seek injunctive relief and money damages. Digitire denies that Plaintiff or any putative class is entitled to any relief.

6

39. Digitire denies that the proposed class can be identified from Digitire's records, dialer records, telephone databases, or other common proof without individualized inquiries concerning, among other things, number ownership, residential versus commercial use, Do Not Call Registry status, consent, established business relationships, receipt, and the circumstances of each communication.

40. Digitire lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations concerning the number of putative class members and therefore denies them. Digitire denies that the numerosity requirement is satisfied and denies any remaining allegations in Paragraph 40.

41. Digitire denies the allegations in Paragraph 41.

42. Digitire denies the allegations in Paragraph 42.

43. Digitire denies the allegations in Paragraph 43.

44. Digitire denies that common questions predominate over individualized questions and denies that Plaintiff satisfies Rule 23. Digitire denies the allegations in subparagraphs 44(a), 44(b), and 44(c), and denies any remaining allegations in Paragraph 44.

45. Digitire lacks knowledge or information sufficient to form a belief as to Plaintiff's adequacy and therefore denies the allegations in Paragraph 45. Digitire further denies that Plaintiff satisfies Rule 23.

46. Digitire lacks knowledge or information sufficient to form a belief as to the allegations concerning Plaintiff's counsel and therefore denies them. Digitire denies that Plaintiff or Plaintiff's counsel should be appointed to represent any class and denies any remaining allegations in Paragraph 46.

47. Digitire denies the allegations in Paragraph 47.

48. Digitire lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 48 and therefore denies them.

49. Digitire lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 49 and therefore denies them.

### First Cause of Action
### Violation of the Telephone Consumer Protection Act
### 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)

50. Digitire incorporates its responses to Paragraphs 1 through 49 as if fully set forth herein.

51. Digitire denies the allegations in Paragraph 51.

52. Digitire denies the allegations in Paragraph 52.

53. Digitire denies the allegations in Paragraph 53.

54. Digitire denies the allegations in Paragraph 54.

Prayer for Relief

Digitire denies that Plaintiff or any putative class member is entitled to any relief requested in the Prayer for Relief, including injunctive relief, statutory damages, treble damages, class certification, appointment of Plaintiff as class representative, appointment of Plaintiff's counsel as class counsel, costs, or any other relief.

Jury Demand

Digitire demands trial by jury on all claims and issues so triable.

### AFFIRMATIVE DEFENSES

Digitire asserts the following defenses based upon the allegations of the Complaint, Digitire's presently available records, and the information presently known to Digitire. Digitire does not assume any burden of proof that applicable law places upon Plaintiff.

### First Affirmative Defense

**Section 227(c)(5) Does Not Create a Private Right of Action for Text Messages**

Plaintiff's sole cause of action is brought pursuant to 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c). Section 227(c)(5) authorizes a private action by a person who has received "more than one telephone call within any 12-month period" in violation of regulations prescribed under § 227(c). The factual communications identified in the Complaint, however, are text messages allegedly received in August and September 2025; Plaintiff does not identify any voice telephone call by Digitire as the basis of his claim.

The statutory distinction is material. Section 227(a)(4) separately defines a "telephone solicitation" as the initiation of a "telephone call or message," while § 227(c)(5) creates a private right of action only for a person receiving more than one "telephone call." In *Steidinger v. Blackstone Medical Services*, No. 25-2398, 2026 WL 2028517, at *2–6 (7th Cir. July 14, 2026), the Seventh Circuit construed that language and held that unwanted text messages do not constitute "telephone calls" for purposes of the private right of action created by § 227(c)(5).

The Supreme Court has further held that, in a private TCPA enforcement proceeding, a district court is not bound by an agency's statutory interpretation under the Hobbs Act and must independently determine the meaning of the governing statute using ordinary principles of statutory interpretation. *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146 (2025). Accordingly, Digitire preserves its defense that Plaintiff cannot recover under § 227(c)(5) based solely upon the text messages alleged in the Complaint.

**Second Affirmative Defense**

**The Subject Number Was a Commercial/Business Number, Not a Protected Residential Number**

Plaintiff's claim independently fails because the National Do Not Call provision invoked in the Complaint protects solicitations directed to a "residential telephone subscriber." 47 C.F.R.

§ 64.1200(c)(2). Digitire denies that the telephone number at issue qualified as a protected residential number during the relevant period.

Digitire is engaged in the commercial tire business, and its prospecting process is directed to commercial trucking businesses, including motor carriers, fleet operators, owner-operators, transportation companies, and other commercial trucking prospects. Digitire obtains prospective business leads from public and commercial business-to-business trucking sources, including BrokerSnapshot and FMCSA/USDOT-type records. Those records include business-identifying information such as company names, business telephone numbers, business addresses, operating status, and DOT/MC information.

Digitire's records reflect that the telephone number at issue was identified through that business-to-business prospecting workflow in association with Newell Contracting LLC. Digitire did not obtain or identify the number through a residential-consumer telemarketing process. The communications alleged in the Complaint are consistent with that commercial identification: they expressly identify the sender as a "COMMERCIAL TRUCK TIRE SUPPLIER," advertise commercial truck-tire sizes and prices, seek the recipient's tire sizes, and reference delivery for the recipient's commercial needs.

Whether a mixed-use telephone number is residential or commercial is a fact-dependent inquiry. In *Owens v. Starion Energy, Inc.*, No. 3:16-cv-01912 (VAB), 2017 WL 2838075, at *3–4 (D. Conn. June 30, 2017), this Court recognized that a number's residential/business status can require factual development and relied on *Bank v. Independent Energy Group LLC*, No. 12-cv-1369, 2014 WL 4954618, at *3–4 (E.D.N.Y. Oct. 2, 2014). *Bank* subsequently entered summary judgment for the defendant after discovery established that the plaintiff held the subject number out publicly as a business line. *Id.*

10

Digitire therefore denies that Plaintiff was a protected residential telephone subscriber with respect to the subject number and asserts that the commercial nature, public presentation, carrier/account classification, actual use, and other circumstances surrounding the number bar Plaintiff's claim under § 227(c).

This defense is directly supported by Cantu's declaration. And *Owens* specifically held that the issue could be determined after discovery and noted that *Bank* ultimately obtained summary judgment when the evidence showed the number was held out as a business number. It also tracks exactly why Judge Underhill bifurcated discovery.

<strong>Third Affirmative Defense</strong>

<strong>Statutory Due-Care Defense Under 47 U.S.C. § 227(c)(5)</strong>

To the extent Plaintiff establishes that the National Do Not Call regulations otherwise applied to the subject number, Digitire asserts the affirmative defense expressly provided by 47 U.S.C. § 227(c)(5).

Digitire established and implemented a prospecting process designed to direct its outreach to commercial trucking businesses rather than residential consumers. Digitire's process identifies prospective commercial customers through public and commercially available trucking-industry sources, including BrokerSnapshot and FMCSA/USDOT-type records, and uses business-identifying information including company names, business telephone numbers, business addresses, DOT/MC numbers, and operating status. Digitire then uses its business communication platform to contact those identified commercial prospects concerning commercial truck-tire supply.

The subject number entered Digitire's prospecting workflow in association with Newell Contracting LLC, and the resulting outreach concerned commercial truck tires. Digitire did not

identify the subject number through a residential-consumer telemarketing list or process. Digitire therefore contends that the procedures actually used in connection with Plaintiff were reasonable, commercially directed practices intended to avoid residential consumer solicitation and fall within the due-care defense provided by § 227(c)(5).

## Fourth Affirmative Defense

## No Willful or Knowing Violation; Treble Damages Are Unavailable

Even if Plaintiff establishes an underlying violation, Plaintiff cannot establish a basis for enhanced damages under 47 U.S.C. § 227(c)(5).

Digitire's records and prospecting process identified the subject number through a commercial trucking workflow associated with Newell Contracting LLC. Digitire's outreach was expressly commercial in subject matter and addressed the recipient as a prospective commercial trucking customer. The messages concerned commercial truck tires, commercial tire sizes, pricing, and delivery. Nothing in Digitire's prospecting records or the content and context of the communications indicated to Digitire that it was intentionally directing prohibited National Do Not Call solicitations to a protected residential subscriber.

Those circumstances are inconsistent with a finding that Digitire knowingly or willfully violated the National Do Not Call regulations. At most, if the subject number is ultimately determined to have qualified as residential despite its commercial association and use, the record would present a dispute concerning the classification of a mixed-use or commercially associated number—not a knowing or willful decision by Digitire to disregard the protections applicable to an identified residential subscriber.

Accordingly, the Court should not exercise its discretionary authority under § 227(c)(5) to increase any statutory award.

The statute makes trebling discretionary only upon a finding of a willful or knowing violation. The factual basis for this defense is strong because Cantu specifically says the number was identified as part of the Newell Contracting business workflow and the outreach was directed toward commercial truck tires.

**Fifth Affirmative Defense**

**Plaintiff Lacks Standing to Obtain Prospective Injunctive Relief**

Plaintiff lacks Article III standing to obtain the prospective injunction requested in the Complaint.

The Complaint identifies alleged communications occurring in August and September 2025. It does not allege that Digitire has contacted Plaintiff since that period, that Digitire is presently contacting Plaintiff, that Plaintiff has requested or expects additional commercial tire solicitations from Digitire, or any other concrete fact establishing a real and immediate likelihood that Plaintiff personally will receive an allegedly unlawful communication from Digitire in the future.

Past exposure to allegedly unlawful conduct, standing alone, is insufficient to establish Article III standing for prospective injunctive relief. In *Berni v. Barilla S.p.A.*, 964 F.3d 141, 147–48 (2d Cir. 2020), the Second Circuit reiterated that a plaintiff seeking an injunction cannot rely solely on past injury and must establish an actual and imminent likelihood of future injury, rather than a conjectural or hypothetical possibility.

Plaintiff therefore may pursue no prospective injunction absent proof of a concrete and imminent threat that Digitire will again engage in the specific allegedly unlawful conduct toward him.

The Complaint asks for an injunction preventing future calls to residential DNC numbers, but the pleaded factual communications are historical. *Berni* is binding Second Circuit authority on the future-injury requirement.

**Sixth Affirmative Defense**

**Plaintiff Cannot Satisfy Rule 23 Because Liability Depends on Individualized Telephone-Number and Communication Circumstances**

Plaintiff cannot satisfy the requirements of Federal Rule of Civil Procedure 23 for the nationwide class alleged in the Complaint.

Plaintiff proposes to represent every person nationwide whose "residential telephone number" was registered on the National Do Not Call Registry for the required period and who allegedly received more than one solicitation from Digitire or someone acting on its behalf. The proposed class therefore makes residential status an express condition of class membership.

Whether a particular cellular telephone number qualifies as residential cannot necessarily be determined from Digitire's outbound-message records alone. The inquiry may require evidence concerning how the subscriber used the number, how the subscriber held the number out publicly, whether it was associated with a business, its carrier/account classification, who paid for the service, and other circumstances bearing upon its residential or commercial character. The present case demonstrates the problem: Plaintiff alleges that his number was residential, while Digitire's records identify that same number through a commercial trucking workflow associated with Newell Contracting LLC.

Additional individualized issues may include whether each putative class member actually received more than one actionable communication within twelve months; whether the number was registered on the National Do Not Call Registry for the requisite period when each communication occurred; whether a particular communication qualifies for a private action under § 227(c)(5); and,

14

if enhanced damages are sought, whether the circumstances of the particular communication establish a willful or knowing violation.

These individualized questions bear directly on class membership, liability, statutory entitlement, and damages and defeat Plaintiff's allegations that the only individualized question is identification of the recipients and that common issues necessarily predominate.

The Complaint itself says the only individualized question is identification of class members, while defining the class through residential status. The Court has already determined that Newell's own residential/commercial status warrants separate threshold discovery.

**Seventh Affirmative Defense**

**Any Recovery Under § 227(c)(5) Is Limited to One Statutory Award Per Actionable Call**

If Plaintiff establishes a right to damages under § 227(c)(5), statutory damages may not be multiplied by treating different alleged regulatory defects arising from the same communication as separate recoverable § 227(c)(5) violations.

Section 227(c)(5) permits a qualifying plaintiff to recover "up to $500 in damages for each such violation," after imposing the threshold requirement that the plaintiff have received more than one telephone call within a twelve-month period in violation of the regulations. Courts addressing the issue have construed that language to permit one § 227(c)(5) statutory award per actionable call rather than separate awards for each regulatory provision allegedly violated during the same communication. See *Charvat v. GVN Michigan, Inc.*, 561 F.3d 623, 631–32 (6th Cir. 2009).

Digitire therefore denies that Plaintiff or any putative class member may stack multiple § 227(c)-based statutory awards upon a single communication.

*Charvat* held that §227(c)(5) "unambiguously" provides statutory damages on a per-call basis.

**Eighth Affirmative Defense**

**Constitutional Limitation on Aggregate Statutory and Treble Damages**

Digitire preserves its Fifth Amendment due-process objection to any aggregate statutory or enhanced-damages award that, because of the size of a certified class and the multiplication of statutory damages on a per-communication basis, would become grossly disproportionate to the conduct proved and the actual injury associated with that conduct.

Plaintiff alleges a nationwide class numbering at least in the hundreds and seeks statutory damages of up to $500 per violation and up to $1,500 for allegedly knowing or willful violations. If Plaintiff later seeks an aggregate award that bears no reasonable relationship to the nature, culpability, persistence, or consequences of the proven conduct, Digitire will seek reduction of that award to the extent constitutionally required.

The Second Circuit has recognized that aggregation of minimum statutory damages in a class action can, in an appropriate case, produce an award "so far beyond the actual damages suffered that the statutory damages come to resemble punitive damages" and thereby implicate due process. *Parker v. Time Warner Entertainment Co.*, 331 F.3d 13, 22–23 (2d Cir. 2003). The Ninth Circuit has applied that principle specifically to a TCPA class award and held that aggregate TCPA statutory damages may be constitutionally limited in an extreme case if the award is gravely disproportionate and obviously unreasonable. *Wakefield v. ViSalus, Inc.*, 51 F.4th 1109, 1121–26 (9th Cir. 2022).

Digitire therefore preserves all constitutional objections to the amount of any eventual aggregate statutory or treble-damages award.

**Reservation of Rights**

16

Digitire reserves the right to seek leave to amend this Answer as permitted by Federal Rule of Civil Procedure 15 and the orders of this Court if the Court-authorized threshold discovery or subsequent discovery establishes additional defenses.

WHEREFORE, Defendant Digitire Professionals, LLC respectfully requests that judgment be entered in its favor and against Plaintiff; that Plaintiff take nothing on his individual or putative class claims; that class certification and the requested injunctive relief be denied; that Digitire be awarded its taxable costs and any other relief available by law; and that the Court grant such other and further relief as it deems just and proper.

Dated: August 14, 2026

Respectfully submitted,

DIGITIRE PROFESSIONALS, LLC

By: /s/ Roger Scully
Roger Scully, Esq.
Suisman Shapiro
Bar Number: 29955
2 Union Plaza, P.O. Box 1591
New London, Connecticut 06320
Telephone: (860) 981-0246
Email: rscully@sswbgg.com

and

/s/ Rafael Recalde
Rafael Recalde, Esq.
Pro Hac Vice
Bar Number: phv209349
Recalde Law, P.A.
1221 Brickell Ave, Suite 900
Miami, FL 33131
rafael@recaldelaw.com
(305) 792-9100

Its Attorneys

17

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 14, 2026, a copy of the foregoing was filed electronically and served by notice of electronic filing on all counsel of record.

*/s/ Rafael Recalde*
Rafael Recalde, Esq.